UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANA MANZA, individually and on behalf of all others similarly situated, | Case No.:  3:24-cv-000690-amb<br>**DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| v. | |
| PESI, INC., | |
| Defendant. | |

### DEFENDANT PESI, INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY

Defendant PESI, Inc., ("Defendant") by and through its attorneys, Hinshaw & Culbertson LLP, respectfully requests that the Court stay discovery pending the Court's ruling on Defendant's motion to dismiss Plaintiff's Amended Complaint (ECF Nos. 15-16), pursuant to Fed. R. Civ. P. 26. In support of its motion, Defendant submits the contemporaneously filed Memorandum and states as follows:

1. The Court should stay discovery in this case while the Court considers Defendant's motion to dismiss the Amended Complaint. The Amended Complaint has numerous fatal defects which are more fully explained in Defendant's motion to dismiss, including: (1) Plaintiff has not—and cannot—allege that PESI is a "video tape service provider" because it is a 501(c)(3) organization; (2) Counts II, III, and IV fail because plaintiff's web browser in its default setting blocked the sharing of information to third-parties; and (3) all four counts fail because Plaintiff has not alleged that PESI disclosed "personally identifiable information" under the VPPA. A ruling on any one of these three arguments could eliminate most if not all of the claims in the Amended Complaint. Thus, forcing Defendant into costly discovery before a ruling on its motion would

create undue burdens and expenses on the parties and the Court to investigate claims and defenses that Plaintiff has not plausibly alleged. Defendant would be further prejudiced without a temporary stay of discovery during the pendency of the motion because it would be forced to choose between costly discovery or an increased settlement value when Plaintiff's claims are entirely groundless. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

2. Additionally, the four factors that are typically considered by courts when assessing whether to grant a stay all favor granting Defendant's motion to stay discovery: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Bear Archery, Inc v. AMS, LLC*, No. 18-cv-329-jdp, 2019 U.S. Dist. LEXIS 16947, at *2 (W.D. Wis. Feb. 4, 2019).

3. **A stay would reduce the burden of litigation—particularly, reducing the burdens of discovery in a multi-class action.** The motion seeks dismissal of all four claims—i.e., all four putative classes—because Plaintiff fails to state a claim upon which relief can be granted, and thus, a ruling on the motion could significantly reduce or even eliminate discovery. Accordingly, the requested stay pending the outcome of the motion to dismiss is warranted. Each claim carries an enormous amount of potential discovery, so the burdens of litigation could be greatly reduced if the Court first ruled on Defendant's motion to dismiss.

4. **A stay would simply the issues and streamline the trial.** Again, even a favorable ruling on one part of the motion to dismiss could eliminate most—if not all—of the claims, thereby simplifying the issues, and streamlining the case for trial.

5. **A stay would not unduly prejudice Plaintiff.** The requested stay is only

temporary, and the delay inherent in a stay of discovery "generally is not considered undue prejudice" and thus, is not, on its own, a basis to deny a request for a stay. *Acantha LLC v. Depuy Synthes Sales, Inc.,* 2016 U.S. Dist. LEXIS 183935, *2 (E.D. Wis. June 4, 2016) (granting motion to stay litigation). Additionally, Plaintiff has not alleged any actual damages or that she is currently experiencing any continuing harm, so there is no prejudice in delaying discovery pending a ruling on the motion to dismiss.

6.   **The litigation is in its infancy, and thus, a stay is justified.** This case is barely two months old, and motions to stay are routinely granted when cases are in an early stage.

WHEREFORE, Defendant PESI, Inc. respectfully requests that this Court grant its motion to stay discovery until it rules on Defendant's Motion to Dismiss Plaintiff Dana Manza's Amended Complaint for failure to state a claim as well as grant it any other relief the Court deems just and proper.

Dated this 16th day of December, 2024.

*Electronically signed by Brett B. Larsen*
Brett B. Larsen
State Bar No.: 1064355
Daniel J. Hollis
State Bar No.: 1128071
Attorneys for Defendant PESI, Inc.
HINSHAW & CULBERTSON LLP
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
414-276-6464
blarsen@hinshawlaw.com
dhollis@hinshawlaw.com

David M. Schultz
IL Bar No.: 6197596
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
dschultz@hinshawlaw.com