UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANA MANZA, individually and on behalf of all others similarly situated, | Case No.:  3:24-cv-000690-amb **DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| v. | |
| PESI, INC., | |
| Defendant. | |

## DEFENDANT PESI, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

NOW COMES Defendant PESI, Inc., ("Defendant") by and through its attorneys, Hinshaw & Culbertson LLP, to move this Court pursuant to Fed. R. Civ. P. 26 to stay discovery pending the Court's ruling on Defendant's motion to dismiss Plaintiff's Amended Complaint (ECF Nos. 15-16). In support of its motion, Defendant states as follows:

### INTRODUCTION

Defendant PESI, Inc. ("Defendant") requests an order staying discovery pursuant to Rule 26(c) in light of its pending motion to dismiss Plaintiff Dana Manza's ("Plaintiff") putative class action Amended Complaint ("Amended Complaint"), in which Plaintiff seeks to represent four classes of individuals for alleged violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), by Defendant. Defendant's motion to dismiss asserts multiple independent grounds for dismissal for each cause of action in the Amended Complaint. Notably, the Amended Complaint poses not one but *four* putative classes—any one of which, on its own, would entail *significant* discovery. If Defendant's motion to dismiss is granted, that will obviate the need for burdensome class discovery and promote judicial economy. Additionally, Plaintiff would not be prejudiced by

a brief delay when this case is barely two months old. Counsel for Defendant has in good faith conferred with counsel for Plaintiff in an effort to resolve the dispute without court intervention, but Plaintiff was unwilling to agree to the requested stay. *See* Certification of Rule 26(c) Conference.

Accordingly, the Court should stay discovery while it considers Defendant's motion to dismiss.

## STATEMENT OF FACTS

Plaintiff Dana Manza's ("Plaintiff") Amended Complaint asserts a putative multi-class action against PESI, Inc. ("Defendant"), a "non-stock corporation" that is a registered 501(c)(3) organization, consisting of four causes of action under the Video Privacy Protection Act, 18 U.S.C. § 2710(b) ("VPPA"), each of which represents a different putative class: the "Data Brokerage" Class (Count I), the "Meta Pixel" Class (Count II), the "Google Analytics" Class (Count III), and the "Pinterest Tag" Class (Count IV). *See* Am. Compl., ECF No. 13, Am. Compl. ¶¶ 27, 114. Plaintiff alleges that when she purchased training material from Defendant's website on January 3, 2023 (the "Training"), Defendant disclosed digital identifiers associated with her Facebook, Google, and Pinterest accounts to Meta, Google, and Pinterest, respectively, via cookies or snippets of code, in violation of the VPPA. *Id.* ¶¶ 15, 18-22. Additionally, Plaintiff alleges that Defendant violated the VPPA by sharing some unspecified personal information to unidentified third parties, which she labels "data brokerages," and NextMark, Inc. ("NextMark"), and does not specify when or how that alleged disclosure occurred. *Id.* ¶¶ 24, 57-58.

On December 16, 2024, Defendant filed its motion to dismiss all four counts in the Amended Complaint (ECF Nos. 15-16) pursuant to Fed. R. Civ. P. 12(b)(6). As explained in Defendant's motion to dismiss, all four counts fail to state a claim for multiple reasons: (1) Plaintiff has not—and cannot—allege that PESI is a "video tape service provider" because it is a 501(c)(3)

organization; (2) Counts II, III, and IV fail because plaintiff's web browser in its default setting blocked the sharing of information to third-parties; and (3) all four counts fail because Plaintiff has not alleged that PESI disclosed "personally identifiable information" under the VPPA. *See* ECF No. 16.

Plaintiff's response to the motion to dismiss is currently due on January 6, 2025, and Defendant's reply is due January 16, 2025. ECF No. 15. The parties have a telephonic pretrial conference set for December 30, 2024, and must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than December 16, 2024. *See* November 26, 2024, Order.

Accordingly, to avoid any undue burden, expense, waste of resources, and substantial prejudice to Defendant, Defendant seeks a stay of discovery pending a ruling on the motion to dismiss.

## ARGUMENT

The Court has broad discretion in managing discovery. *See* Fed. R. Civ. P. 26; *James v. Hyatt Regency Chi.,* 707 F.3d 775, 784 (7th Cir. 2013). Pursuant to Federal Rule of Civil Procedure 26,"[t]he court may, for good cause, issue an order to protect a party from . . . undue burden or expense, including . . . forbidding the disclosure or discovery; . . . [and] specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). Accordingly, the Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Estate of Enoch v. Tienor,* No 07-C-376, 2008 U.S. Dist. LEXIS 13636, *3 (E.D. Wis. Feb. 11, 2008) (quoting *Gettings v. Building Laborers Local 310 Fringe Benefits Fund,* 349 F.2d 300, 204 (6th Cir. 2003).

As the Seventh Circuit explained, the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a

substantial case." *Limestone Development Corp. v. Village of Lemont*, 520 F.3d 797, 802-03 (7th Cir. 2008) (citing 550 U.S. 544 (2007)). "The [Supreme] Court was concerned lest a defendant be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of the plaintiff's claim," and concluded that "the defendant should not be put to the expense of big-case discovery on the basis of a thread-bare claim." *Id.* at 803; *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) ("The Court in *Bell Atlantic* wished to avoid the 'in terrorem' effect of allowing a plaintiff with a 'largely groundless claim' to force defendants into either costly discovery or an increased settlement value."). Indeed, a pleading that fails to state a claim "'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" *Peace v. Kemper*, No. 14-cv-1416-pp, 2016 U.S. Dist. LEXIS 16265, at *3-4 (E.D. Wis. Feb. 10, 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). Following the *Bell Atlantic* decision, stays of discovery during the pendency of a dispositive motion have been granted with greater frequency. *See Dillinger LLC v. Electronic Arts, Inc.,* 2010 WL 1945739, *1 (S.D. Ind. May 11, 2010); *see also Sadler v. Retail Props. of Am.,* No. 12 C 5882, 2013 U.S. Dist. LEXIS 205567, *7 (N.D. Ill. Sept. 27, 2013) (granting motion to stay discovery, noting that "most importantly" the pending motions were "potentially dispositive" of all claims).

Courts typically consider four factors when assessing whether to grant a stay: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Bear Archery, Inc v. AMS, LLC*, No. 18-cv-329-jdp, 2019 U.S. Dist. LEXIS 16947, at *2 (W.D. Wis. Feb. 4, 2019). The third and fourth factors—simplifying the issues and reducing the burden of litigation—typically favor the stay when the stay is based on a pending dispositive motion.

Indeed, when a motions to dismiss "can resolve the case - at least as to the moving party," "[s]tays of discovery are not disfavored and are often appropriate." *Bilal v. Wolf,* No. 06 6978, 2007 U.S. Dist. LEXIS 41983, at *4 (N.D. Ill. June 6, 2007). "Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery." *Id.*

Furthermore, with respect to putative class actions, courts "regularly stay discovery pending a ruling on a motion to dismiss" due to the "burden, time, and expense often associated with responding to discovery." *Rodriguez v. Ford Motor Co.,* No. 21 C 2553, 2022 U.S. Dist. LEXIS 41641, *4 (N.D. Ill. Mar. 9, 2022). When a pending motion would result in dismissal of a class action complaint in its entirety, then a stay of discovery is appropriate because "any discovery conducted prior to issuance of the [stay] order would constitute needless expense and a waste of attorney time and energy." *Thompson v. Ret. Plan for Emples. of S.C. Johnson & Sons, Inc.,* 2008 U.S. Dist. LEXIS 96902, *31 (E.D. Wis. Nov. 14, 2008) (granting motion to stay discovery in putative class action due to pending motion to dismiss).

Accordingly, this Court should grant Defendant's motion and stay discovery until it issues an order on Defendant's motion to dismiss.

## I.   A STAY PENDING A RULING ON THE MOTION TO DISMISS WILL ENSURE THAT NEITHER THE PARTIES NOR THE COURT WILL ENDURE UNNECESSARY AND BURDENSOME DISCOVERY FOR FOUR SEPARATE PUTATIVE CLASS ACTIONS.

The fourth factor—whether the burden of litigation will be reduced—favors a stay of discovery pending a ruling on Defendant's motion to dismiss. *See Sadler v. Retail Properties of America*, No. 12 C 5882, 2013 U.S. Dist. LEXIS 206567, at *8 (N.D. Ill. Sep. 27, 2013) (granting motion to stay discovery pending a motion to dismiss, noting that "[a]ny ruling in the Defendants' favor on any of the various counts against them—again, in whole or in part—could greatly affect

the course and scope of discovery"). The motion seeks dismissal of all four claims—i.e., all four putative classes—because Plaintiff fails to state a claim upon which relief can be granted, and thus, a ruling on the motion could significantly reduce or even eliminate discovery. Accordingly, the requested stay pending the outcome of the motion to dismiss is warranted. *See Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) *("[Twombly]* teaches that a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that plaintiff's case is a substantial one."); *see also Limestone*, 520 F.3d at 803 (7th Cir. 2008) (noting "the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim"). Here, the matter is a putative four-class action where the claims necessarily entail burdensome class discovery; this certainly qualifies as a complex or big case for these purposes, so following *Beck* and *Limestone*, discovery should be stayed here. *See Hill v. Chase Bank, NA.,* 2007 WL 4224073, at *5 (N.D. Ind. Nov. 26, 2007) (the court stayed discovery for the class claims pending the court's ruling on the defendant's motion to dismiss). Otherwise, Plaintiff will force Defendant to submit to costly discovery or an increased settlement value. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The burdens that would accompany discovery on the merits of Plaintiff's four putative class-action claims cannot be understated. Each of the putative classes are, as alleged, wide-ranging; Plaintiff seeks to represent four classes of individuals that were, within the past two years, consumers of Defendant's prerecorded video products available on its website "or any of its affiliates' websites" and whose personally identifying information ("PII") was shared by Defendant to Meta, Google, Pinterest, and/or "data brokerages" allegedly in violation of the VPPA. Am. Compl. ¶ 114. The VPPA provides a cause of action for when "[a] video tape service provider who knowingly *discloses,* to any person, personally identifiable information concerning any

consumer of such provider." 18 U.S.C. § 2710(b)(1) (emphasis added). Discovery will need to be taken on a class-wide basis and the areas of inquiry on VPPA liability alone would be considerable—*e.g.,* what was purchased from Defendant and whether the product(s) qualified as prerecorded video material, what information was disclosed, when, to whom, whether the disclosure was knowing, whether the information could be used to identify the user by an ordinary person, etc. Additionally, each discovery inquiry would need to be separately investigated four times—once for each putative class.

For instance, Plaintiff alleges that Defendant "disclosed" her personally identifying information (PII) in four different ways to four different entities: the "Meta Pixel" Class (Count II) purports to include individuals whose information was disclosed to Meta by a sequence of code known as the "Meta Pixel" (Am. Compl. ¶¶ 5, 18-19, 88, 114); the "Google Analytics" Class (Count III) allegedly encompasses individuals whose information was disclosed to Google by a sequence of code known as "Google Analytics" (*id.* ¶¶ 20-21, 97, 114); the "Pinterest Tag" Class (Count IV) allegedly includes individuals whose information was disclosed to Pinterest by a sequence of code known as the "Pinterest Tag" (*id.* ¶¶ 7, 22, 108, 114); and the "Data Brokerage" Class (Count I) allegedly includes individuals whose unspecified information was disclosed to unspecified "data brokerages" and/or NextMark, and the manner of disclosure is unalleged (*id.* ¶¶ 24, 57-58, 114). Naturally, the parties will, at a minimum, need to investigate the technological capabilities and functions of these alleged web-based disclosures from the perspective of Defendant and each of the alleged third-party recipients, plus investigate the web browser(s) used, whether cookies or other privacy settings were blocked or disabled at the time of disclosure, whether the user had an account with Meta, Google, and/or Pinterest, whether the user was logged into their respective account(s) at the time of disclosure, what information was *actually* disclosed

(if any), etc. *See, e.g., Martinez v. D2c, LLC,* No. 1:23-cv-21394, 2024 U.S. Dist. LEXIS 178570, *7 (S.D. Fla. Oct. 1, 2024) (describing factors that can impact whether a subscriber's PII was actually transmitted via the Meta Pixel in the context of a VPPA class action, including: the browser used, whether block settings were in place either by default or by the user, whether cookies were cleared, whether the user was logged into their Facebook account, etc.).

This area of inquiry is merely one example of the vast potential for expansive discovery in this matter. Extensive discovery on class-wide basis, almost certainly including experts, will need to be taken to investigate and assess each of the four claims, and in the process considerable time and money will be spent. Staying discovery pending the motion enables "the scope of [the] litigation [to be] more fully established," "ensure[s] that discovery is being sought from only necessary non-parties," and guarantees "that neither party expends significant time or monetary resources" in the meantime. *Nat'l Police Ass'n v. Gannett Co.,* No. 1:21-cv-01116-TWP-DLP, 2021 U.S. Dist. LEXIS 224410, *9 (S.D. Ind. Oct. 25, 2021) (granting motion to stay discovery and adjourn deadlines pending ruling on the defendants' motion to dismiss). And, given the particular characteristics of Defendant—i.e., that it is a 501(c)(3) nonprofit organization—a stay is warranted to ensure that its limited resources intended for charitable work are not expended on unnecessary litigation expenses. *See, e.g., Beadle v. Memphis City Sch*., No. 07-CV-2719, 2008 WL 1787545, at *1 (W.D. Tenn. Apr. 17, 2008) ("[A] stay of discovery would prevent New Leaders a not-for-profit organization . . . from incurring substantial litigation expenses prematurely and, if the motion to dismiss is granted, unnecessarily.")

Thus, discovery should be stayed until the Court rules on the pending motion to dismiss, which will dictate whether there is any viable claim before any party or the Court expends resources on discovery.

## II.    A STAY WILL ENABLE THE ISSUES IN THE CASE TO BE SIMPLIFIED OR EVEN TERMINATED.

The third factor supports a stay of discovery pending a ruling on Defendant's motion to dismiss because a stay will allow the issues to be simplified, if not entirely eliminated. *See Tyler v. Wick*, No. 14-cv-68-bbc 1, 2014 U.S. Dist. LEXIS 43179, at *2-3 (W.D. Wis. Mar. 31, 2014) (granting motion to stay when the defendants indicated that they planned to file a dispositive motion).

As explained further in Defendant's motion to dismiss (ECF Nos. 15-16), Plaintiff fails to state a plausible VPPA claim for three fundamental reasons. First, all four counts fail because only an entity which qualifies as a video tape service provider ("VTSP") can be held liable under the VPPA. *See* 18 U.S.C. § 2710(b); *Daniel v. Cattrell,* 275 F.3d 377, 382 (6th Cir. 2003) ("under the plain language of the statute, only a 'video tape service provider' can be liable"). A VTSP is "any person, *engaged in the business*, in or affecting interstate or foreign commerce, *of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials*." 18 U.S.C. § 2710(a)(4) (emphasis added). As Defendant is a tax-exempt, 501(c)(3) non-profit charitable organization—it is not "engaged in the business of" anything, and thus, cannot be a VTSP. *See* ECF No. 16, pp. 6-8. Second, Counts II-IV (the Meta, Google, and Pinterest classes) fail because Plaintiff's web browser, Mozilla Firefox, blocks all information sharing to third parties by *default*, and thus, Plaintiff cannot claim that her information was shared to third parties when she purchased the Training while using Mozilla Firefox. *Id.* pp. 8-10. Third, all counts fail because Defendant did not share information with *anyone* that qualifies as "PII" under the VPPA—i.e., information which would "readily permit an *ordinary person* to identify [Plainitff's] video-watching behavior." *In re Nickelodeon Consumer Privacy Litig.,* 827 F.3d 262, 290 (3d Cir. 2016) (emphasis added); *see* ECF No. 16, pp. 10-23; 18 U.S.C. § 2710(a)(3).

9

Accordingly, even a favorable ruling on one part of the motion to dismiss could eliminate most—if not all—of the claims, thereby simplifying the issues, and streamlining the case for trial. Thus, the third factor supports a stay.

## III.    A STAY WILL NOT UNDULY PREJUDICE PLAINTIFF.

The second factor similarly supports a stay; there will not be any undue prejudice to Plaintiff if the Court should grant a stay of discovery pending a ruling on the motion to dismiss.

As an initial matter, the delay inherent in a stay of discovery "generally is not considered undue prejudice" and thus, is not, on its own, a basis to deny a request for a stay. *Acantha LLC v. Depuy Synthes Sales, Inc.,* 2016 U.S. Dist. LEXIS 183935, *2 (E.D. Wis. June 4, 2016) (granting motion to stay litigation); *see also Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17-CV-7216, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) (explaining that "'[t]he general prejudice of having to wait for resolution'" is not a compelling argument for denying a motion to stay). Defendant is not asking for a permanent or even prolonged stay; it only seeks to delay engaging in discovery until after its case-dispositive motion—which is currently slated to be fully brief within the next few weeks—is ruled on. Plaintiff cannot argue that a stay would be unduly prejudicial based on a mere delay.

Relatedly, Plaintiff does not allege that she sustained any actual damages or that she is currently experiencing any ongoing harm. Thus, there are no allegations that "necessitate immediate discovery," and she would not be prejudiced by the requested stay. *Rodriguez,* 2022 U.S. Dist. LEXIS 41641 at *2 (granting motion to stay discovery, noting in part that the plaintiff did not allege any imminent threat of harm if discovery was stayed). Indeed, the core issue of each of Plaintiff's claims is Defendant's alleged improper disclosure of information—and, according to Plaintiff, the only date that she alleges her information was improperly disclosed to third parties was when she purchased the Training from Defendant's website in January 2023. *See* Am. Compl.

¶¶ 15, 18. Thus, Plaintiff has no valid basis to claim that she would be unduly prejudiced by the requested stay of discovery.

Accordingly, this Court should grant Defendant's requested stay of discovery pending a ruling on the motion to dismiss.

## IV.   ANY RISK OF PREJUDICE TO PLAINTIFF IS MITIGATED BY THE FACT THAT THIS CASE IS IN ITS INFANCY.

Finally, an order staying discovery is justified based on the first factor—whether this case is in its early stages of litigation. Courts routinely grant motions to stay, particularly when the case is still in its early stages. *See, e.g., Emerson v. Sentry Line Ins. Co.,* 2018 U.S. Dist. LEXIS 156682, *5 (W.D. Wis. Sept. 14, 2018) (granting motion to stay in part because the matter was at an early stage of litigation); *Modine Mfg. Co. v. Delphi Auto. Sys*., LLC, No. 00-CV-C258, 2000 WL 33989247, at *1 (E.D. Wis. Dec. 8, 2000) ("Also favoring the stay is that discovery is in its early stages, and no trial date has been set."). In *Bear Archery, Inc.,* this Court granted a stay when the case had been pending for eight months, noting that "[t]his court has denied stays when trial is imminent or when trial has already occurred." 2019 U.S. Dist. LEXIS 16947 at *2-3. This case is barely two months old, no discovery requests have been issued, and no trial date has been set. Thus, "any slight risk of prejudice or disadvantage to [Plaintiff] is mitigated by the fact that this case is at a very early stage." *GoodCat, LLC v. Cook*, No. 16-CV-01514, 2016 U.S. Dist. LEXIS, *3 (S.D. Ind. Nov. 21, 2016). There can be no dispute that the first factor favors Defendant's requested stay.

Accordingly, this Court should grant Defendant's motion to stay discovery pending the outcome of its motion to dismiss.

**CONCLUSION**

As set forth in the foregoing Motion to Stay Discovery, Defendant PESI, Inc., respectfully requests that this Honorable Court grant its Motion and stay all discovery until a ruling is issued on Defendant's motion to dismiss the Amended Complaint.

Dated this 16th day of December, 2024.

*Electronically signed by Brett B. Larsen*
Brett B. Larsen
State Bar No.: 1064355
Daniel J. Hollis
State Bar No.: 1128071
Attorneys for Defendant PESI, Inc.
HINSHAW & CULBERTSON LLP
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
414-276-6464
blarsen@hinshawlaw.com
dhollis@hinshawlaw.com

David M. Schultz
IL Bar No.: 6197596
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
dschultz@hinshawlaw.com