UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANA MANZA, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br> v.<br><br>PESI, INC.,<br><br>       Defendant. | Case No. 3:24-cv-000690-JDP-AMB |

**JOINT RULE 26(f) REPORT ON DISCOVERY PLANNING CONFERENCE**

Pursuant to the Court's direction for counsel to conduct a discovery conference by December 16, 2024, and file a report by December 23, 2024, the parties submit the following Fed. R. Civ. P. 26(f) report and proposed discovery plan.

 **1) A concise statement of the nature of the case**.

Plaintiff Dana Manza ("Plaintiff") alleges that Defendant transmitted her personally identifiable information ("PII") to third parties in two ways. First, Plaintiff alleges that Defendant transmitted her PII to various third-party recipients, which then appended that information to a myriad of other categories of personal and demographic data pertaining to its customers. Plaintiff alleges that Defendant sells that Personal Viewing Information (with the appended demographic information) to other third parties on the open market in violation of the federal Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Second, Plaintiff alleges that Defendant transmitted her PII to various third-party recipients through the use of tracking technologies created by Meta Platforms, Inc. ("Meta"), Alphabet, Inc. f/k/a Google ("Google"), and Pinterest, Inc. ("Pinterest") on Defendant's websites in violation of the VPPA. For the alleged third-party data disclosures, the personally identifiable information allegedly disclosed included records containing the

personal information (including names and addresses) of each of their customers, along with detailed information revealing the titles and subject matter of the videos and other audiovisual materials purchased by each customer. For the alleged tracking technology disclosures, the personally identifiable information allegedly disclosed included her unique Facebook ID (that identifies her Facebook profile, which displays her first and last name and other personally identifiable information), Google account information, IP addresses and hashed email address, Pinterest cookie information revealing her account information, and the titles of the prerecorded videos or other services she requested or obtained from Defendant. Plaintiff alleges that because neither Plaintiffs nor any of Defendant's other customers provided informed consent prior to Defendant's disclosures of their information to any third party, this case is ideal for class certification.

Defendant PESI, Inc. ("Defendant") maintains that all four of the alleged VPPA claims against PESI fail because Plaintiff has not and cannot plausibly allege the essential elements of a VPPA claim. Specifically, Plaintiff has not plausibly alleged a VPPA claim because PESI, a 501(c)(3) non-profit organization, is not and cannot qualify as a "video tape service provider" subject to the VPPA. Additionally, Plaintiff cannot plausibly allege that any of the alleged disclosures to Meta, Google, or Pinterest (Counts II-IV of the Complaint) occurred, because her web browser, Mozilla Firefox, blocks third-party sharing by default. Furthermore, Plaintiff has not plausibly alleged that any information that qualifies as "personally identifiable information" ("PII") subject to the VPPA's protections was shared with any third party, because none of the information allegedly disclosed would readily permit an ordinary person to identify her or her video-watching behavior.

**2)      The names of any related cases.**

The parties are aware of none.

**3) A concise statement of the material factual and legal issues to be resolved at trial.**

    a. Whether Defendant sold, rented, transmitted, or otherwise disclosed PII (together with other sensitive personal demographic and lifestyle information appended thereto by data appenders and other entities) to third parties, including data brokers, data miners, data appenders, and marketing companies;

    b. Whether Defendant used the Tracking Technologies on its websites at the time Plaintiff allegedly requested or obtained prerecorded videos or services from Defendant's websites;

    c. Whether Defendant knowingly disclosed Plaintiff's and putative Class members' personally identifiable information to Meta via the Meta Pixel on its website;

    d. Whether Defendant's conduct violates the VPPA, 18 U.S.C. § 2710;

    e. Whether Defendant is a Video Tape Service Provider within the meaning of the VPPA;

    f. Whether Defendant should be enjoined from disclosing Plaintiff's and putative Class members' personally identifiable information to Meta; and

    g. Whether Plaintiff and putative Class members are entitled to statutory damages for the aforementioned alleged violations.

    h. Whether the VPPA applies to 501(c)(3) charitable organizations;

    i. Whether Plaintiff's web browser blocked the alleged disclosures;

    j. Whether Defendant disclosed information to any third party that qualifies as "personally identifiable information" subject to the VPPA.

**4) A description of any amendments to the pleadings that any party intends to seek and a brief explanation of the bases for any such amendments.**

At this time, the parties do not anticipate making any further amendments to the pleadings but reserve the right to amend or seek leave to do so pursuant to Rule 15, as necessary as the litigation progresses.

**5) The identity of any new parties any party intends to add and a brief explanation of the bases for any such additions.**

The parties do not intend to add any new party at this time, but reserve the right to do so as necessary as the litigation progresses.

**6)     A proposed case schedule.**

Defendant filed a motion to stay discovery (ECF Nos. 17-18). After filing the motion to stay, counsel for the parties conferred again and came to an agreement, subject to this Court's approval, that discovery between the parties can be stayed with respect to class certification issues pending resolution of Defendant's motion to dismiss, but is otherwise allowed and that discovery to third parties is allowed on all issues. While the parties await the Court's approval of this agreement, Defendant agrees that briefing on the motion to stay discovery can itself be stayed, such that Plaintiff does not need to file a brief in opposition to the motion unless the Court does not approve the parties' agreement to a partial stay. Defendant further agrees that its motion to stay discovery can be deemed withdrawn if the Court approves the parties' agreement to a partial stay.

If the Court does not agree to allow the agreed-upon partial stay, the parties agree to submit a supplemental status report containing a proposed case schedule, including a briefing schedule on the motion to stay discovery, within 7 days of its order thereof. Alternatively, if the Court does grant the agreed-upon partial stay, the parties agree to submit a supplemental status report containing a proposed case schedule within 7 days following the Court's ruling on Defendant's motion to dismiss.

**7)     A discovery plan**:

  a. The parties shall exchange their Initial Disclosures under Rule 26(a)(1) by January 14, 2025. The parties are not requesting any changes to the timing, form, or requirement for Initial Disclosures.

 b. The parties will meet and confer on an ESI protocol and submit it to the court for entry, if necessary.

 c. The parties propose that if any response encompasses privileged documents, the party will create a privilege log and serve it simultaneously with its document production. The parties reserve the right to supplement the log if additional relevant privileged documents are subsequently discovered.

 d. The parties will meet and confer on a confidentiality order and submit it to the court for entry, if necessary.

**8) Any other matter affecting the just, speedy, or inexpensive determination of this case, or that which the court should consider in setting the schedule.**

The parties have not identified anything additional at this time.

Dated: December 23, 2024    Respectfully submitted,

**HINSHAW & CULBERTSON, LLP**

Attorneys for Defendant

*s/ Brett B. Larsen*
Brett B. Larsen
State Bar No.: 1064355
Daniel J. Hollis
State Bar No.: 1128071
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
414-276-6464
blarsen@hinshawlaw.com
dhollis@hinshawlaw.com

David M. Schultz
IL Bar No.: 6197596
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
dschultz@hinshawlaw.com

**HEDIN LLP**
Attorneys for Plaintiff

*s/ Elliot O. Jackson* (w/permission)
Elliott O. Jackson

Frank S. Hedin
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Ejackson@hedinllp.com
fhedin@hedinllp.com

07791\323355438.v1