UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANA MANZA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>PESI, INC.,<br><br>    Defendant. | Case No.:  3:24-cv-000690-amb<br>**DEMAND FOR JURY TRIAL** |

### DEFENDANT PESI, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant PESI, Inc., ("Defendant") by and through its attorneys, Hinshaw & Culbertson LLP, respectfully submits the following response to Plaintiff's Notice of Supplemental Authority (ECF No. 31):

1. Plaintiff filed an Amended Complaint ("FAC") seeking to assert claims under the Video Privacy Protection Act ("VPPA"). Defendant's Motion to Dismiss the FAC seeks dismissal of all four VPPA claims, in relevant part because Plaintiff did not plausibly allege that Defendant disclosed her "personally identifiable information" subject to the VPPA ("PII"). ECF Nos. 15-16. Plaintiff's Response asks this Court not to apply the "ordinary person" interpretation of PII—the standard adopted by the majority of courts. *See* ECF No. 26, pp. 29-30.

2. On February 28, 2025, Plaintiff filed a Notice of Supplemental Authority in support of her opposition to Defendant's Motion to Dismiss the FAC, seeking "to inform the Court of a recent decision" from the Southern District of Florida, *Guereca v. Motorsport.tv Digital, LLC,* which Plaintiff contends is "related to similar allegations in a pleading and the briefing in opposition to Defendant's Motion to Dismiss." ECF No. 31, p. 1.

3. *Guereca* should not be followed because (i) it followed the minority view which does not adhere to the text or intent of the VPPA, and (ii) it is factually distinct from this case.

4. The VPPA prohibits a video tape service provider from knowingly disclosing PII, which is defined as "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. §§ 2710(a)(3); (b)(1). The majority view is that PII only refers to "the kind of information that would readily permit an ordinary person to identify a specific individual's video-watching behavior." *Wilson v. Triller, Inc.*, 598 F. Supp. 3d 82, 91 (S.D.N.Y. 2022) (quoting *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 282-83, 290 (3d Cir. 2016)). "The classic example [of PII] will always be a video clerk leaking an individual customer's video rental history. Every step away from that 1988 paradigm will make it harder for a plaintiff to make out a successful claim." *In re Nickelodeon*, 827 F.3d at 290.

5. In rejecting the minority view adopted by *Guereca* and the First Circuit, the Ninth Circuit explained that the "ordinary person" standard "better informs" defendants of their VPPA obligations, since the VPPA "views disclosure from the perspective of the disclosing party," and does not look to "what the recipient of that information decides to do with it." *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017). Otherwise, VPPA liability would hinge on circumstances outside of a defendant's control. *Id.* Moreover, the "ordinary person" standard "fits most neatly with the regime that the VPPA's enacting Congress [in 1988] likely had in mind," and "the advent of the Internet did not change the disclosing-party focus of the statute." *Id.*

6. *Guereca* did not adopt the majority's "ordinary person" standard, but instead chose to follow the minority view without providing any substantive analysis. ECF No. 31-1, pp. 8-11. *Guereca* does not address the merits of the First Circuit's interpretation or provide a basis for

refusing to follow the majority view. *Id. Guereca* also does not conduct its own statutory interpretation analysis of "PII." *Id.*

7. The standard for PII adopted in *Guereca* and the First Circuit should be rejected because it contradicts the plain language and the intent of the VPPA. For example, under the First Circuit's view, defendants would be subject to VPPA liability for "knowingly" sharing a string of random letters and numbers—even if the defendant itself could not decipher it (i.e., even if the defendant lacked *knowledge* of what it was sharing)—so long as it could be deciphered by the most sophisticated data aggregator or a tech giant like Facebook. Thus, the First Circuit's interpretation goes against traditional canons of statutory interpretation; it violates the canon against surplusage and it can and will lead to absurd results. *See, e.g., United States v. Vallery,* 437 F.3d 626, 630 (7th Cir. 2006); *United States v. Feeney,* 100 F.4th 841 (7th Cir. 2024).

8. The First Circuit's interpretation of PII also enables legally and factually deficient VPPA claims to progress beyond the pleading stage, effectively forcing defendants to choose between burdensome class action discovery or an inflated class action settlement. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) ("The Court in *Bell Atlantic* wished to avoid the 'in terrorem' effect of allowing a plaintiff with a 'largely groundless claim' to force defendants into either costly discovery or an increased settlement value.").[1] Accordingly, the "ordinary person" standard adopted by the Third and Ninth Circuits should apply.

9. Additionally, *Guereca* should not be followed because it is not factually analogous

---

[1] As the Seventh Circuit explained, the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Development Corp. v. Village of Lemont*, 520 F.3d 797, 802-03 (7th Cir. 2008) (citing 550 U.S. 544 (2007)). "The [Supreme] Court was concerned lest a defendant be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of the plaintiff's claim," and concluded that "the defendant should not be put to the expense of big-case discovery on the basis of a thread-bare claim." *Id.* at 803.

to this case. Unlike in *Guereca*, Plaintiff does not allege that she had a publicly available Facebook account containing her name and other personally identifiable information. In this case, PESI found no publicly available Facebook account using the name Dana Manza. There is a Facebook account associated with Plaintiff's business and Plaintiff indicated she has a Facebook account which does not use her real name. Neither account can support claim under the VPPA because courts have repeatedly held a Facebook ID alone does not constitute PII unless it directly leads to a publicly available profile that contains identifying information. *See, e.g., Ghanaat v. Numerade Labs*, 689 F. Supp. 3d 714, 720 (N.D. Cal. 2023) (holding that disclosure of a Facebook ID is not PII unless "it leads to a Facebook page that discloses personal and identifying information about the consumer."); *Smith v. Trinity Broad. of Texas, Inc.*, No. 8:24-CV-01046-JVS-ADS, 2024 WL 4394557, at *3 (C.D. Cal. Sept. 27, 2024)) (dismissing plaintiff's VPPA claim because the plaintiff did not "indicate that her profile [was] public and contain[ed] any identifying information or photos."); *Heerde v. Learfield Commc'ns, LLC*, 741 F. Supp. 3d 849 (C.D. Cal. 2024) (dismissing a VPPA claim because the plaintiffs did not "identify what information on their Facebook pages, if any, was viewable and could be used to identify them."); *Solomon v. Flipps Media, Inc.*, No. 22-cv-05508 (JMA), 2023 WL 6390055, at *3 (E.D.N.Y. 2023), appeal filed, No. 23- 7597 (2d Cir. Nov. 1, 2023) (same). As the FAC says nothing about any of Plaintiff's personal information on a public Facebook profile page belonging to Plaintiff, *Guereca* is inapposite.

10. Plaintiff filed the supplemental authority in further attempt to avoid the "ordinary person" standard because the FAC fails to meet that standard. *Guereca* should not be followed because it blindly adhered to the minority view of PII which contradicts the plain language and intent of the VPPA, and it is factually distinguishable.

Dated this 10th day of March, 2025.

                *Electronically signed by Brett B. Larsen*
Brett B. Larsen
State Bar No.: 1064355
Daniel J. Hollis
State Bar No.: 1128071
Attorneys for Defendant PESI, Inc.
HINSHAW & CULBERTSON LLP
790 N. Water Street, Suite 1950
Milwaukee, WI 53202
414-276-6464
blarsen@hinshawlaw.com
dhollis@hinshawlaw.com

David M. Schultz
IL Bar No.: 6197596
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
dschultz@hinshawlaw.com