UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANA MANZA, individually and on behalf of all others similarly situated, | Case No.: 3:24-cv-000690-amb |
| | **DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| v. | |
| PESI, INC., | |
| Defendant. | |

### DEFENDANT PESI, INC.'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant PESI, Inc. ("Defendant"), by and through its attorneys, Hinshaw & Culbertson LLP, hereby gives notice to the Court of supplemental authority in support of its Motion to Dismiss Plaintiff's Amended Complaint ("Motion"). ECF No. 16. The Motion was fully briefed as of February 13, 2025, and is currently pending. This authority consists of precedent established by the Second Circuit Court of Appeals, *Detrina Solomon v. Flipps Media, Inc., dba FITE, dba FITE TV,* No. 23-7597-cv, 2025 U.S. App. LEXIS 10573 (2d Cir. 2025), filed May 1, 2025.

The district court's decision in *Solomon* was cited in PESI's Motion (ECF No. 16, pp. 16, 23) and in its reply (ECF No. 30, pp. 16-17, 22-23) in support of its argument that Counts II-IV of the Complaint cannot survive Fed. R. Civ. P. 12(b)(6), because Plaintiff did not and cannot plausibly allege that PESI disclosed her personally identifiable information ("PII") as Plaintiff did not offer any allegations (i) regarding the Facebook ID or Facebook profile at issue, let alone, how an ordinary person would find her Facebook ID and use it to identify her (Count II); (ii) regarding her Google "device identifiers" at issue or how an ordinary person would use them to identify her (Count III); or (iii) regarding her Pinterest "uid" at issue or how an ordinary person would use it

to identify her (Count IV). The District Court in *Solomon* held in part "[plaintiff] did not plausibly allege that her public Facebook profile page contained personally identifiable information . . ." *Solomon*, 2025 U.S. App. LEXIS 10573 at *9-10.

On May 1, 2025, the Second Circuit in *Solomon* affirmed the District Court's dismissal of the plaintiff's complaint. *Solomon* expressly adopts the "ordinary person" standard (previously adopted in the Third and Ninth Circuits), and rejects the minority interpretation which has been only adopted by the First Circuit. *Solomon*, 2025 U.S. App. LEXIS 10573 at *20-27; *see In re Nickelodeon Consumer Privacy Litig.,* 827 F.3d 262, 290 (3d Cir. 2016) (PII "means the kind of information that would readily permit an ordinary person to identify a specific individual's video-watching behavior"); *Eichenberger v. ESPN, Inc., 876 F.3d 979,* 986 (9th Cir. 2017) ("'[Personally identifiable information' must have the same meaning without regard to its recipient's capabilities. Holding otherwise would make 'the lawfulness of a disclosure depend on the circumstances outside of a video service provider's control.'").

*Solomon* then held:

> Turning to the facts of this case, we consider whether the Complaint plausibly alleges that FITE's disclosure of Solomon's FID and video titles "would, with little or no extra effort, permit an ordinary recipient to identify [plaintiff's] video-watching habits." *In re Nickelodeon*, 827 F.3d at 284. We conclude it does not.

*Solomon*, 2025 U.S. App. LEXIS 10573 at *27. *Solomon* held it is "implausible" that an ordinary person would look at the "exemplar screenshot" in the complaint and understand it to be a movie title. *Id*. at *27-28. *Solomon* also held the complaint fails to "plausibly allege that an ordinary person could identify [plaintiff] through her FID" because the FID is not labeled but rather just one phrase embedded in many lines of code. *Id*. at *28. *Solomon* further held "the complaint lacks any details about how an ordinary person might access the information on the Pixel's PageView. But even assuming, *arguendo*, that an ordinary person could somehow gain access to the Pixel's

PageView, the Complaint is devoid of any details about *how* an ordinary person would use an FID to identify Solomon." *Id*. at *28-29.

Defendant acknowledges that *Solomon* is not binding on this Court, but *Solomon* is persuasive as it offers the proper application of the law and it reaffirms that the ordinary person standard is the correct framework for assessing whether information qualifies as "PII" under the VPPA. A copy of *Solomon* is attached hereto.

Dated this 6th day of May, 2025.

                                       *Electronically signed by Brett B. Larsen*
Brett B. Larsen
State Bar No.: 1064355
Daniel J. Hollis
State Bar No.: 1128071
Attorneys for Defendant PESI, Inc.
HINSHAW & CULBERTSON LLP
790 N. Water Street, Suite 1950
Milwaukee, WI 53202
414-276-6464
blarsen@hinshawlaw.com
dhollis@hinshawlaw.com

David M. Schultz
IL Bar No.: 6197596
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
dschultz@hinshawlaw.com