# Exhibit 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| DANA MANZA, individually and on behalf of all others similarly situated, | Case No.: 3:24-cv-000690-AMB-JDP |
| Plaintiff, | |
| v. | |
| PESI, INC., | |
| Defendant. | |

Plaintiff Dana Manza, on behalf of herself and others similarly situated, and Defendant PESI, Inc. (collectively, the "Parties") hereby enter into the following Settlement Agreement to fully and finally resolve this action on the terms set forth below pursuant to Federal Rule of Civil Procedure 23, subject to approval by the Court.

## I.    RECITALS

WHEREAS, on October 3, 2024, Plaintiff initiated the Action by filing a Class Action Complaint against Defendant for violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq*. (the "VPPA") on behalf of herself and others similarly situated (ECF No. 1 (the "Complaint")); and

WHEREAS, Defendant continues to deny all allegations of wrongdoing and disclaims all liability with respect to all claims, but considers it desirable to resolve the action on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that this settlement on the terms set forth herein is in Defendant's best interests;

WHEREFORE, in consideration of the foregoing and the mutual covenants, promises, and releases set forth below, for good and valuable consideration as set forth below, the receipt and

sufficiency of which is hereby mutually acknowledged, and subject to Preliminary Approval and Final Approval of the Court, the Parties hereby agree as follows:

## II. DEFINITIONS

As used in this Settlement Agreement and the attached exhibits, the following terms have the meanings set forth below, unless this Settlement Agreement specifically provides otherwise:

1. "Action" or "Litigation" means *Manza v. PESI, Inc.*, No. 3:24-cv-00690-amb-jdp, pending in the United States District Court for the Western District of Wisconsin.

2. "Agreement" or "Settlement Agreement" means this Settlement Agreement, inclusive of Exhibits A-F hereto.

3. "Approved Claimant" means a Settlement Class Member who submits a Valid Claim.

4. "Attorneys' Fee Award" means any Court-approved award to Class Counsel, paid out of the Settlement Fund, as further described in Section VI below.

5. "CAFA Notice" means notification required by the Class Action Fairness Act ("CAFA") of this proposed Settlement to certain federal and state officials, made by Defendant, or by the Settlement Administrator at Defendant's direction and as its agent, within 10 days of Plaintiff's filing of the Motion for Preliminary Approval in accordance with 28 U.S.C. § 1715.

6. "Cash Award" means the cash compensation that Approved Claimants shall be entitled to receive from the Net Settlement Fund, as detailed in Section X.

7. "Claims Deadline" means 11:59 p.m. CST on the date that is one-hundred twenty (120) days after the Notice Date.

8. "Claim Form" means the electronic claim form, substantially in the form attached hereto as **Exhibit A**, that Settlement Class Members must complete (including by providing their full name, e-mail address, telephone number, and postal address where they currently reside and

where their Cash Awards should be sent) and submit electronically on the Settlement Website on or before the Claims Deadline to receive cash compensation from the Settlement.

9.    "Class Counsel" means Hedin LLP.

10.    "Class Notice" means collectively the short-form and long-form notices of this proposed class action Settlement that the Settlement Administrator will disseminate directly to the Settlement Class Members and make available on the Settlement Website, substantially in the form set forth in **Exhibits B-C** hereto.

11.    "Court" means the United States District Court for the Western District of Wisconsin, the Honorable James D. Peterson presiding.

12.    "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. When computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or federal or State of Wisconsin legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal or State of Wisconsin legal holiday.

13.    "Defendant" means PESI, Inc.

14.    "Defense Counsel" means Hinshaw & Culbertson LLP.

15.    "Effective Date" means the first date after a non-appealable, final order has been entered, which means after all of the following events and conditions have been met or have occurred: (a) the Court enters the Preliminary Approval Order; (b) the Opt-Out and Objection Date has passed; (c) the Court enters a Final Approval Order and Judgment; (d) the deadline has passed for counsel for the Parties to terminate the Settlement Agreement without either Party terminating

it; and (e) the time to appeal from the Final Approval Order and Judgment has expired and no notice of appeal has been filed, or, in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order and Judgment has remained intact in all material respects. The Parties agree that the Court shall retain jurisdiction to enforce the terms of this Settlement Agreement unless specifically set forth otherwise herein.

16. "Final Approval" means Court's final approval of the Settlement, which occurs when the Court enters the Final Approval Order and Judgment.

17. "Final Approval Hearing" or "Fairness Hearing" means the hearing before the Court, scheduled on or after the date that is one-hundred twenty (120) Days after entry of the Preliminary Approval Order, where the Parties will request entry of the Final Approval Order and Judgment approving the Settlement Agreement and the requested Attorneys' Fee Award and Service Award.

18. "Final Approval Order and Judgment" means a final order and judgment entered by the Court after the Final Approval Hearing, granting approval of the Settlement as further described in Section X below. A proposed Final Approval Order and Judgment, substantially in the form attached hereto as **Exhibit D**, shall be submitted to the Court together with the Motion for Final Approval.

19. "Motion for Final Approval" means the motion filed with the Court seeking Final Approval of the Settlement. The Motion for Final Approval shall be accompanied by the proposed Final Approval Order and Judgment substantially in the form attached hereto as **Exhibit D**. The Motion for Final Approval shall be filed with the Court no later than fourteen (14) Days before the Final Approval Hearing.

20.     "Motion for Preliminary Approval" means the motion filed with the Court on or before October___, 2025 seeking Preliminary Approval of the Settlement. The Motion for Preliminary Approval shall be accompanied by the proposed Preliminary Approval Order substantially in the form attached hereto as **Exhibit E**.

21.     "Net Settlement Fund" means the amount of the Settlement Fund, together with all interest earned thereon, minus the amounts of any Court-approved Settlement Administration Expenses, Attorneys' Fee Award, and Service Award. The Net Settlement Fund shall be used to pay Cash Awards, on a pro rata basis, to all Approved Claimants, in the manner more fully set forth below.

22.     "Notice Date" means the Day by which the Settlement Administrator must have disseminated the Class Notice to the Settlement Class.  The Notice Date shall be the date that is thirty (30) Days after the Preliminary Approval Date.

23.     "Opt-Out" means a member of the Settlement Class who properly and timely submitted a request for exclusion from the Settlement Class pursuant to the requirements set forth in Section X below, and who did not revoke such exclusion request before the Opt-Out and Objection Date passed.

24.     "Opt-Out List" means a list compiled by the Settlement Administrator identifying all Settlement Class Members who properly and timely submitted requests for exclusion from the Settlement Class, did not revoke such requests by the Opt-Out and Objection Date, and thus became Opt-Outs.

25.     "Opt-Out and Objection Date" means the date by which any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a written request for exclusion from the Settlement to the Settlement Administrator, in the manner set forth herein; and

(b) the date by which any Settlement Class Member who wishes to object to any aspect of the Settlement must submit and file any written objection; and (3) the date by which any Settlement Class Member who submitted a request for exclusion from the Settlement may withdraw such request for exclusion. The Opt-Out and Objection Date shall be the date that is sixty (60) Days after the Notice Date.

26. "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity.

27. "Plaintiff" means Dana Manza, the named plaintiff in the Action.

28. "Preliminary Approval" means the Court's preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order.

29. "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

30. "Preliminary Approval Order" means the order entered by the Court preliminarily approving the Settlement, substantially in the form attached hereto as **Exhibit E**.

31. "Released Claims" means any and all actual, potential, filed, unfiled, known or unknown claims, suits, actions, controversies, demands, and/or causes of action that arise out of or relate to PESI and/or Psychotherapy Networker's collecting, sharing, disclosing, or any other action enabling or assisting in the collection, sharing, or disclosure of any Consumer Data to any third parties, including but not limited to Meta, Google, and Pinterest, at any time between October 3, 2022 and the date of Final Approval of the Settlement. "Consumer Data" means information identifying, revealing, reflecting, or disclosing a user's activity (purchases, clicks, pageviews, etc.) on PESI's website and/or Psychotherapy Networker's website, including personally identifiable

6

information that was, is, or could be protected under the VPPA, or protected information under any other statute, regulation, or provision of common law.

32.    "Released Persons" means PESI and its respective parents, successors, assigns, wholly owned subsidiaries, brands (including but not limited to Psychotherapy Networker), present or former heirs, executors, estates, administrators, predecessors, holding companies, investors, divisions, associates, employers, employees, agents, representatives, consultants, directors, managing directors, officers, partners, principals, shareholders, members, attorneys, vendors, fiduciaries, insurers, and reinsurers.

33.    "Releasing Persons" means Plaintiff and the Settlement Class Members.

34.    "Service Award" means any award to the Plaintiff in recognition of her service as class representative on behalf of the Settlement Class that may be awarded by the Court, as set forth in Section VI below, which shall be payable by the Settlement Administrator from the Settlement Fund.

35.    "Settlement" means the settlement set forth in this Settlement Agreement.

36.    "Settlement Administration Expenses" means the expenses and fees reasonably incurred by the Settlement Administrator in disseminating the Class Notice, processing Claim Forms, responding to inquiries from Settlement Class Members, disseminating Cash Awards to Approved Claimants, establishing the Settlement Website, and any other administrative services or tasks required to effectuate the Settlement pursuant to the terms of the Settlement Agreement. The Settlement Administration Expenses shall be paid out of the Settlement Fund.  The Settlement Administrator estimates that the Settlement Administration Expenses will be approximately $87,616.00, and has agreed to limit the total sum of Settlement Administration Expenses for such services to $105,200.00.

37.     "Settlement Administrator" means Kroll, LLC, subject to Court approval.

38.     "Settlement Class" means the 307,555 persons who made purchases of video products or services from Defendant's www.pesi.com website and/or Defendant's www.psychotherapynetworker.org website between October 3, 2022 and October 3, 2024, as identified on the Settlement Class List. Each member of the Settlement Class is referred to herein as a "Settlement Class Member."

39.     "Settlement Class List" means an electronic list, generated from Defendant's records, that includes names, e-mail addresses, and postal addresses (if available) for all 307,555 Settlement Class Members.

40.     "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement, which shall be comprised of the Class Notice, CAFA Notice, and any other attempts to notify the Settlement Class of this Settlement, as set forth in Section VII below.

41.     "Settlement Fund" means the all-cash settlement fund to be established by Defendant in the amount of Two Million Nine-Hundred Fifty Thousand and 00/100 Dollars ($2,950,000.00), which represents the Defendant's total monetary obligation under this Agreement and from which payments for all (a) Approved Claims to Class Members, (b) Settlement Administration Expenses, (c) CAFA Notice, and (d) any Fee Award and Service Award will be made. Under no circumstances shall Defendant be required to pay any money in excess of $2,950,000.00 pursuant to this Agreement.

42.     "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the

Settlement, including this Settlement Agreement and the long-form Class Notice, the Motion for Preliminary Approval, the Preliminary Approval Order, the motion for Attorneys' Fee Award and Service Award, the Motion for Final Approval, the Final Approval Order and Judgment, and any other relevant Settlement-related documents, and will contain online forms for Settlement Class Members to submit Claim Forms, elect electronic payment for Cash Awards in lieu of paper checks, and change the addresses to which their Cash Awards should be sent by paper check.

43.     "Valid Claim" means (a) a fully and truthfully completed Claim Form (which includes, but is not limited to, a person's full name, e-mail address, telephone number, and postal address where a Cash Award should be sent), (b) that is submitted by a Settlement Class Member (i.e., a Person who appears on the Settlement Class List), (c) on the Settlement Website in accordance with the directions on the Claim Form; (d) on or before the Claims Deadline, and (e) is approved by the Settlement Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under the Agreement and the Final Approval Order and Judgment.

44.     "VPPA" refers to the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq*.

45.     The plural of any defined term includes the singular, and vice versa, as made necessary in context.

## III.     PROPOSED CLASS FOR SETTLEMENT PURPOSES

46.     Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to the certification, for purposes of effectuating the Settlement only, of the following Settlement Class:

> All persons who made purchases of video products or services from Defendant's www.pesi.com website and/or www.psychotherapynetworker.org website between October 3, 2022 and October 3, 2024.

47.     Specifically excluded from the Settlement Class are the following Persons:

a.  PESI, Inc., the Released Persons and their employees, officers, directors, agents, and representatives, and their immediate family members;

b.  Class Counsel; and

c.  The Court, the Court's immediate family members, and Court staff.

48.   Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering orders pursuant to Rule 23 preliminarily and finally certifying the Settlement Class, approving the Settlement as fair, reasonable, and adequate, appointing Plaintiff as the class representative on behalf of the Settlement Class and her counsel as Class Counsel on behalf of the Settlement Class, appointing Kroll, LLC as Settlement Administrator, approving the Class Notice and Settlement Class Notice Program, and directing the Settlement Administrator to effectuate the Settlement Class Notice Program.

## IV.    SETTLEMENT FUND & MONETARY RELIEF TO SETTLEMENT CLASS

49.   In consideration of a full, complete, and final settlement of the Action, dismissal of the Action with prejudice, and the Releases provided herein, and subject to the Court's approval, the Parties agree that Defendant will provide the following relief.

50.   Settlement Fund and Escrow Account. Defendant agrees to establish the Settlement Fund by depositing, within ten (10) Days after entry of the Final Approval Order, the amount that remains of the Settlement Fund, $2,950,000.00 (Two Million Nine-Hundred Fifty Thousand and 00/100 Dollars), after disbursing funds to the Settlement Administrator as described in Paragraph 56 and/or any other amounts already expended on Settlement Administration Expenses, into an interest-bearing "qualified settlement fund" (as set forth below), to be created and administered by the Settlement Administrator pursuant to the terms of this Agreement, at a commercial bank with excess capital exceeding One Hundred Million Dollars and 00/100 ($100,000,000.00), with a

rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC (the "Escrow Account").

51. All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Settlement Administrator shall be responsible for the payment of all taxes owed from any interest earned on the funds in the Escrow Account.

52. The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. All taxes shall be paid out of the Escrow Account. Defendant, Defense Counsel, Plaintiff and Class Counsel shall have no liability or responsibility for any taxes. The Escrow Account shall indemnify and hold Defendant, Defense Counsel, Plaintiff, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

53. For purposes of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

54. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such

11

time as such funds are distributed by the Settlement Administrator pursuant to this Settlement Agreement or further order of the Court.

55.     The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defense Counsel or by order of the Court.

56.     Within fourteen (14) days of the Preliminary Approval Date, Defendant will disburse to the Settlement Administrator any required preliminary Settlement Administration Expenses, including the costs to complete the Class Notice, establish and maintain the Settlement Website, establish and maintain a toll-free number for questions by Settlement Class Members, as well as any other initial administration costs to the Parties. To the extent that additional Settlement Administration Costs are incurred after this initial payment, but before the tenth day after entry of the Final Approval Order, the Settlement Administrator may bill, and Defendant shall pay, such additional costs, provided that such costs do not exceed the not-to-exceed figure of $105,200.00 for Settlement Administration Expenses as agreed to by the Settlement Administrator.

57.     All Settlement Administration Expenses will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Defense Counsel and Class Counsel, pursuant to the terms set forth in this Agreement.

58.     All Settlement Administration Expenses and any Court-approved Attorneys' Fee Award and Service Award shall be paid from the Settlement Fund prior to the distribution of Cash Awards to Approved Claimants, as set forth in Section VI below.

59.     The total sum of money payable to the Settlement Class pursuant to this Agreement – i.e., the total Settlement Fund and any earnings thereon, less the Settlement Administration Expenses and any Attorneys' Fee Award and Service Award (defined herein as the "Net Settlement

Fund") – shall be distributed as Cash Awards to all Approved Claimants on a pro rata and equal basis. Each Cash Award paid to an Approved Claimant shall be of an amount equal to the Net Settlement Fund divided by the total number of Approved Claimants.

60.     Each Settlement Class Member shall be entitled to submit only one Claim Form and each Approved Claimant shall be entitled to receive only one Cash Award.

61.     Adequate and customary procedures and standards will be used by the Settlement Administrator to determine Valid Claims, to prevent the payment of fraudulent claims and to pay only legitimate claims, including, but not limited to, requesting additional information from Claimants, and denying Claim Forms where there is evidence of abuse, fraud, or duplication. All claims are subject to review and verification by both Defendant and Class Counsel. All Settlement Class Members who submit Claim Forms are required to provide or submit certain information to verify that they are a Settlement Class Member and are thus appropriately claiming a benefit, as set forth in Section VIII below.

62.     Cash Awards shall be paid to Approved Claimants by the Settlement Administrator within thirty (30) days of the Effective Date. Approved Claimants shall be paid their Cash Awards by paper check by default (and such checks should be sent to the addresses provided by Approved Claimants on their Claim Forms or on any change of address forms thereafter submitted by such persons), or, if elected by an Approved Claimant on the Settlement Website by the Claims Deadline, by electronic payment to one of the offered electronic payment methods proposed by the Settlement Administrator and approved by the Parties.

63.     If any Cash Award sent as a paper check to an Approved Claimant is returned as undeliverable, the Settlement Administrator will attempt to notify the Approved Claimant, including by telephone and e-mail, to obtain an alternative mailing address for such person (and,

if necessary, by querying available databases to identify an alternative mailing address for such person, as practicable), and shall mail the paper check to such alternative address. If, after such efforts, such paper check is again returned as undeliverable, no further efforts need be taken by the Settlement Administrator to resend such check.

64.    All Cash Awards sent as paper checks to Approved Claimants shall state that they are invalid after 120 Days. Subject to Court approval, any funds remaining in the Settlement Fund because Approved Claimants failed to negotiate such checks before their expiration or because any such checks were fatally undeliverable, following the Settlement Administrator's compliance with the terms of this section, any such remaining funds, up to the total amount of the Settlement Administration Expenses, shall be returned to Defendant to offset the costs of the administration of the Settlement, and if any uncashed check funds thereafter remain in excess of the total amount of the Settlement Administration Expenses, such funds shall be distributed to a cy pres recipient mutually selected by the Parties and approved by the Court.  Notwithstanding the foregoing, the Parties agree that the repayment of any uncashed check funds to Defendant to offset the costs of the Settlement's administration, as provided in this section, is not a material term of the Settlement, and further agree that, should the Court deny or otherwise refuse to grant approval of the Settlement based on the inclusion of this provision, such provision shall be waived by the Parties or may be modified by the Court without either Party having the right to terminate the Agreement as a result of such waiver or modification of such provision, and the Parties shall then attempt to obtain Court approval of the Settlement without such provision or as modified by the Court, including by directing that the entire amount of any uncashed check funds, if any, be paid to one or more Court-approved cy pres recipient mutually selected by the Parties and approved by the Court.

## V.    INJUNCTIVE RELIEF

65.    The Parties agree that the core relief under the Settlement includes changes to Defendant's practices of transmitting information concerning its customers' purchases to third parties. As a continuing and future benefit to all Settlement Class Members, Defendant agrees to in the future refrain from disclosing information identifying persons who purchased its video products or services to third parties, absent such persons' consent.

## VI.   ATTORNEYS' FEES AWARD AND SERVICE AWARD

66.    <u>Attorneys' Fee Award</u>. By no later than twenty (20) days prior to the Opt-Out and Objection Date, Class Counsel will file an application with the Court for an Attorneys' Fee Award to be paid from the Settlement Fund, of an amount up to 30% of the Settlement Fund (less Settlement Administration Expenses), which amount shall be inclusive of all costs and expenses incurred by Class Counsel prosecuting the Action. The Settlement Administrator shall disburse from the Settlement Fund any Attorneys' Fee Award awarded by the Court to Class Counsel within ten (10) Days after the Court's entry of a Final Approval Order and Judgment and order awarding Class Counsel a Fee Award, subject to a stipulated undertaking (the "Undertaking") executed by Class Counsel in the form attached hereto as **Exhibit F** and receipt of an IRS Form W-9 form and wiring instructions provided by Class Counsel. Additionally, should any parties to the Undertaking (Class Counsel, its shareholders, members, and/or partners) dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within fourteen (14) days of such occurrence.

67.    <u>Service Award</u>. By no later than twenty (20) days prior to the Opt-Out and Objection Date, Plaintiff will file an application for a Service Award in an amount not to exceed $5,000.00, in recognition of her initiative in bringing the claims alleged in the Action and for the

time and effort she has invested in the Action. The Settlement Administrator shall disburse from the Settlement Fund any Service Award awarded by the Court to Plaintiff within twenty (20) Days after the Effective Date.

68.    Settlement Independent of Attorneys' Fee Award and Service Award. The payments of any Attorneys' Fee Award and any Service Award are subject to and dependent upon the Court's approval of such requested awards as fair, reasonable, and adequate. In the event the Court declines Plaintiff's and/or Class Counsel's requests or awards less than the amounts sought, the Settlement will continue to be effective and enforceable by the Parties.

## VII.    SETTLEMENT ADMINISTRATION AND CLASS NOTICE

69.    Costs of Notice. All Settlement Administration Expenses, including the costs of providing the Class Notice as provided herein, of identifying members of the Settlement Class and the costs of printing, web hosting, disseminating the Class Notice, mailing the Class Notice (if any e-mails to Settlement Class Members are undeliverable), and otherwise administering the Settlement, shall be paid for out of the Settlement Fund, subject to the terms of this Settlement Agreement. In the event that this Settlement Agreement is terminated in accordance with its terms, Defendant shall bear all Settlement Administration Expenses already incurred.

70.    Settlement Administrator. The Settlement Administrator will be responsible for all matters relating to the administration of this Settlement, as set forth below. Those responsibilities include, but are not limited to: disseminating the Class Notice, as provided in this Settlement Agreement; creating and maintaining a Settlement Website; acting as a liaison between Settlement Class Members and the Parties; overseeing and administering the Settlement Fund; handling the process of mailing and otherwise disbursing Cash Awards; disbursing from the Settlement Fund any Court-approved Attorneys' Fee Award and Service Award to Class Counsel and the Plaintiff; preparing and providing a declaration to Defense Counsel and Class Counsel that will: (i) attest

the compliance with the provisions of this Settlement Agreement related to Class Notice and the disbursement of and accounting pertaining to the Settlement Fund; (ii) listing each Settlement Class Member who timely and validly opted out of the Settlement; and performing any other tasks reasonably required to effectuate the Settlement.

71.     Settlement Website.  The Settlement Administrator will create and maintain the Settlement Website, to be activated within thirty (30) days from the Preliminary Approval Date and in advance of the Notice Date. The Settlement Administrator's responsibilities will also include securing the domain name accessible at the URL www.ContinuingEdVPPAClassActionSettlement.com, or another appropriate domain name as agreed upon by the Parties and approved by the Court, where the Settlement Website may be accessed by the Settlement Class. The Settlement Website will contain information about the Settlement and case-related documents such as the Settlement Agreement, the long-form Class Notice, the Preliminary Approval Order, the Final Approval Order, and Class Counsel's application for an Attorneys' Fee Award and the Plaintiff's application for a Service Award. On the Settlement Website, Settlement Class Members shall have the ability to: (1) file Claim Forms electronically using an easy-to-use electronic form on the Settlement Website; (2) elect to receive their Cash Award by electronic payment method instead of by payment paper check, the default method of payment; and (3) provide updated mailing addresses at which they would like to receive their Cash Award by paper check, to the extent they do not request electronic payment instead.

72.     The Settlement Website will terminate (i.e., its contents shall no longer be accessible on the Internet) and shall no longer be maintained by the Settlement Administrator thirty (30) days after either (a) the disbursement of all Cash Awards pursuant to the terms of this Settlement Agreement; or (b) the date on which the Settlement Agreement is terminated or

otherwise not approved in full. The Settlement Administrator will then transfer ownership of the domain name of the Settlement Website to Defendant.

73. All costs and expenses related to the Settlement Website shall be paid out of the Settlement Fund.

74. Notice Plan. The Class Notice shall fully comply with all requirements of Rule 23, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.

75. All Settlement Class Members are identified by name, last known address (if available), and last known e-mail address on the Settlement Class List that Defendant has generated from its records.

76. Defendant shall provide a copy of the Settlement Class List to the Settlement Administrator, with a copy to Class Counsel, no later than seven (7) Days after the Preliminary Approval Date.

77. Within thirty (30) days of the Preliminary Approval Date, the Settlement Administrator shall send the short-form Class Notice, in the form attached hereto as **Exhibit B**, via email to all Settlement Class Members, at all of the e-mail address(es) identified for each Settlement Class Member on the Settlement Class List.

78. In the event an e-mail containing the Class Notice to a Settlement Class Member is undeliverable for any reason, the Settlement Administrator shall promptly send via U.S. postal mail a copy of the short-form Class Notice in paper form, in the form attached hereto as **Exhibit B**, to the Settlement Class Member to whom the email was undeliverable, at the postal address identified for the Settlement Class Member in the Settlement Class List (if available) or to any other more up-to-date postal address for the Settlement Class Member that is identified by the

Settlement Administrator. If the postal notice sent to a Settlement Class Member (following an undeliverable e-mail) is also returned as undeliverable, the Settlement Administrator shall take all reasonable measures (including utilizing the National Change of Address directory and any other proprietary or public databases or systems) to locate a more current address for the Settlement Class Member and thereafter send the Class Notice in paper form to such address.

79. Within thirty (30) days of the Preliminary Approval Date, the Settlement Administrator shall make the long-form Class Notice, in the form attached hereto as **Exhibit C**, available on the Settlement Website.

80. The Class Notice sent by e-mail, postal mail, and posted on the Settlement Website shall, as reflected in **Exhibits B-C** hereto, provide (inter alia) the following information to Settlement Class Members:

a. That a Claim Form must be submitted by the Settlement Class member in order for the Settlement Class Member to receive a pro rata portion of the Net Settlement Fund;

b. That Claim Forms must be submitted on the Settlement Website, by the Claims Deadline;

c. The estimated amount of the Cash Award that will be paid to each Approved Claimant upon Final Approval;

d. That Cash Awards will be paid by paper check by default (sent to the address identified by the Settlement Class Member on the Claim Form), or by electronic method at the election of a Settlement Class Member on the Claim Form;

e. That Settlement Class Members can submit an electronic form on the Settlement Website to update the address at which they would like to be sent a Cash Award by paper check upon Final Approval;

f. The amount of the Service Award and the Attorneys' Fee Award to be requested by Plaintiff and Class Counsel; and

g. The requirements and deadlines for filing an objection or a request for exclusion from the Settlement.

## VIII.  CLAIMS PROCESS

81.    <u>Submission of Claims</u>. To receive monetary relief from the Settlement, Settlement Class Members must submit, by the Claims Deadline, a fully completed Claim Form (i.e., a "Valid Claim") on the Settlement Website.  The online form for Settlement Class Members to submit Claim Forms shall be substantially in the form attached hereto as **Exhibit A**. Any Claim Form that is not timely submitted shall be denied. In the event a person submits a Claim Form by the Claims Deadline but the Claim Form is not complete and not otherwise determined to be fraudulent or a duplicate by the Settlement Administrator, the Settlement Administrator shall, within fourteen (14) days after its receipt of the incomplete Claim Form, notify such person by e-mail and/or telephone of the missing information and afford such person an opportunity to cure the deficiency by providing the requested missing information to the Settlement Administrator by the Claims Deadline or within seven (7) days of the Settlement Administrator's notification to such person of the deficiency (whichever is later).

82.    <u>Claims Processing</u>. The Settlement Administrator shall apply the terms of this Settlement Agreement and the requirements set forth in the Claim Form in processing all Claim Forms that are submitted. Any Claim Form submitted that does not meet the requirements of this Agreement shall not be eligible to be deemed an Approved Claim. The Settlement Administrator also shall employ reasonable procedures to screen claims for abuse, fraud, or duplication, and shall promptly make Defense Counsel and Class Counsel aware of any evidence of abuse, fraud, or duplication. The Settlement Administrator's decisions regarding the Settlement Class Members' eligibility for a claims payment shall control, except that either Defense Counsel or Class Counsel may object to the Court should a disagreement arise between the Parties as to any determination of a claim's validity made by the Settlement Administrator, in which case the Court's

determination as to the validity of any such disputed claim shall be final. The Parties, the Released Parties, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

83.    Payment of Claims. Within thirty (30) days after the Effective Date, the Settlement Administrator shall send each Approved Claimant a Cash Award either by (a) postal mail to the address identified by the Approved Claimant on his or her Claim Form, or to any updated address thereafter provided by the Settlement Class Member using the electronic form on the Settlement Website; or (b) electronic payment, via the method requested and pursuant to the instructions provided by the Settlement Class Member on the Settlement Website, to the extent such a request was made by the Settlement Class Member in his or her Claim Form.

84.    Cash Awards paid by electronic payment method will have no expiration date.

85.    Cash Awards paid by paper check will state on their face that the check will expire and become null and void unless cashed within one hundred twenty (120) days after the date of issuance, as identified on the check, and all such uncashed check funds shall be disbursed pursuant to the provisions of Section IV herein.

IX.    **RELEASES**

86.    Upon the Final Order and Judgment becoming Final, Plaintiff and all Settlement Class Members, except for those who become Opt-Outs by timely submitting requests for exclusion from the Settlement, will be deemed to have, and by operation of the Final Order and Judgment will have, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims.

87.    Upon entry of the Final Approval Order, Plaintiff and Settlement Class Members, except for those who become Opt-Outs by timely submitting requests for exclusion from the

Settlement, are hereby barred against bringing any action or claim against any of the Released Parties for any of the Released Claims.

88.     Further, with respect to the named Plaintiff only, Plaintiff hereby and forever releases, relinquishes, and gives up (and agrees not to directly or indirectly file, retain any recovery for, or pursue) any and all claims, suits, actions, controversies, demands, and/or causes of action whatsoever, of every kind, nature, or description, whether in law or in equity, known or unknown, that Plaintiff has against any of the Release Parties. This is a full and general release by Plaintiff with respect to any and all claims for, and recovery of, all damages, costs, losses, attorneys' fees, litigation expenses, and demands of whatever character against the Released Parties. This release extends to and includes any claims for civil damages (tort or contract), exemplary or punitive damages, and direct or derivative claims, for any monetary recovery or injunctive relief.

## X.     APPROVAL PROCESS

89.     Court Approval. On or before October 29, 2025, Class Counsel shall file with the Court a Motion for Preliminary Approval, together with this Settlement Agreement and its Exhibits, to request that the Court grant preliminary approval of the Settlement and the terms of the Settlement Agreement, appoint the Settlement Administrator to administer the Settlement and Plaintiff and Class Counsel to represent the Settlement Class, approve and authorize the commencement of the Class Notice and the Class Notice Program, issue a Preliminary Approval Order in the form attached hereto as **Exhibit E**, and schedule a Final Approval Hearing on whether the Settlement should be granted final approval.

90.     In the Motion for Preliminary Approval, Class Counsel shall request that the Court schedule the Final Approval Hearing for the date that is one-hundred twenty (120) days after entry of the Preliminary Approval Order.

91.     Defendant, or the Settlement Administrator at Defendant's direction, shall, no later than ten (10) Days after the filing of the Motion for Preliminary Approval, serve the CAFA Notice on the appropriate federal and state officials in full compliance with 28 U.S.C. § 1715.

92.     If the Motion for Preliminary Approval is granted, Class Counsel shall be responsible for asking the Court to grant final approval of the Settlement and to enter a Final Approval Order and Judgment, in the form attached hereto as **Exhibit D**, in accordance with the date set by the Court for the Final Approval Hearing.

93.     If the Court does not enter a Preliminary Approval Order or a Final Approval Order and Judgment in all material respects, as set forth herein, or if the Final Approval Order is reversed, vacated, overturned, or rendered void by any court, this Agreement shall terminate and be of no force or effect, except as otherwise set forth in this Agreement, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval. In the event of any such termination after Defendant has paid the Settlement Fund Amount to create the Settlement Fund in accordance with this Agreement, the entire Settlement Fund shall belong to Defendant. Notwithstanding any provision of this Agreement, the Parties agree that any decision by any court as to any Attorneys' Fee Award or any Service Award, described in Section VI, including any decision by any court to award less than the amounts sought, shall not prevent the Agreement from becoming effective, prevent the Final Order and Judgment from being entered, or provide any grounds for termination of the Agreement or the Settlement.

94.     Procedures for Objecting to the Settlement.  Settlement Class Members shall have the right to appear and show cause if they have any reason why the terms of this Agreement should not be given final approval, subject to the provisions of this section.

95.     Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date. Any attempted objection that fails to comply with the requirements set forth herein shall be void.  The Class Notice shall contain language consistent with the provisions set forth herein.

96.     Any objection to this Settlement Agreement, including any of its terms or provisions, must be in writing and mailed to Class Counsel, Defense Counsel, and the Clerk of the Court at the addresses set forth in the Class Notice, postmarked no later than the Opt-Out and Objection Date. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

97.     Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Manza v. PESI, Inc.*, No. 3:24-cv-000690-AMB-JDP (W.D. Wis)" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector or any other person otherwise assisting the objector or who otherwise stands to potentially benefit financially with respect to such objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and/or the objector's attorney or any other person assisting with such objection (if applicable) has previously objected to a proposed class action settlement. If an objecting party chooses to appear at the Final Approval Hearing, then by no later than the Opt-Out and Objection Date, a notice of intention to appear, either in person or through an attorney, shall be filed with the Court and list the name, address, and telephone number of the person and/or any attorney who will appear.

98.     A Settlement Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Settlement Class Member. No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have, but failed to, raise in his/her written objection, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived.

99.     If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing. Plaintiff or Defendant or both may take discovery regarding any objector, their attorney (if applicable), and the basis of any objection, to the same extent that discovery could otherwise have been sought from a party to the Action.

100.    Any Settlement Class Member who fails to comply with the applicable provisions of this Section concerning any objection that he or she may have shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action. By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

101.    <u>Motion for Final Approval and Right to Respond to Objections</u>. Class Counsel shall move for final approval of the Settlement by filing a Motion for Final Approval no later than fourteen (14) days prior to the Final Approval Hearing.

102.    Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than fourteen (14) days prior to the Final Approval Hearing. The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by hand or overnight delivery, to the objector (or any counsel for the objector).

103.    <u>Opt-Outs</u>. Any Settlement Class Member who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from this Settlement. This written request for exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Class Notice and postmarked no later than the Opt-Out and Objection Date. A request for exclusion must be signed by the putative Settlement Class Member, and must include such individual's name, address, and the e-mail address used by such person to purchase video products or services from Defendant's www.pesi.com or www.psychotherapynetworker.org website during the Settlement Class Period, and must clearly state that the person wishes to be excluded from the Litigation and this Settlement and the Settlement Agreement. A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid, and the person serving such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by the Court's Orders in this Action and by this Agreement, if approved. The request for exclusion must be personally signed by the person seeking to be excluded. So-called "mass" or "class" opt-outs will be invalid and shall not be allowed.

104.    Any Settlement Class Member who submits a request for exclusion may not file an objection to the Settlement, and any such purported objection filed by a Person in the Settlement Class who has requested exclusion shall be deemed a nullity. If a Settlement Class Member submits a timely written request for exclusion in compliance with the terms of this Section, he or she shall be deemed to have complied with the terms of the opt-out procedure, shall be deemed an Opt-Out, and shall not be bound by the Agreement if approved by the Court.

105.    The Settlement Administrator shall keep Class Counsel and Defense Counsel apprised of the number of Opt-Outs on a periodic basis following the Notice Date and prior to the Opt-Out and Objection Date, shall provide such information to Class Counsel and Defense Counsel upon request by either Class Counsel or Defense Counsel, and shall provide Class Counsel and Defense Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

106.    After Class Notice is disseminated and the Opt-Out and Objection Date has passed, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, substantially in the form attached hereto as **Exhibit D**, which will (among other things):

> a.  find that the Court has personal jurisdiction over the Parties and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;
>
> b.  approve the Settlement Agreement and the proposed Settlement pursuant to Rule 23 as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other

27

proceedings maintained by or on behalf of Plaintiff and the Releasing Parties with respect to the Released Claims;

c. find that the Class Notice and the Class Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice and satisfy all requirements of Rule 23; and (4) satisfies the Due Process Clause of the United States Constitution;

d. dismiss the Action (including all individual claims and Settlement Class Member claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement and as ordered by the Court; incorporate the Releases set forth above in Section IX, make those Releases effective as of the date of the Final Approval Order and Judgment, and

e. forever discharge the Released Parties as set forth herein; permanently bar and enjoin all Settlement Class Members (except those who timely requested exclusion and thus became Opt-Outs) from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims.

## XI. TERMINATION OF THE AGREEMENT

107. <u>Conditions Under Which Either Party May Terminate The Agreement</u>. Plaintiff and Defendant will each have the right, but not the obligation, to unilaterally terminate this Agreement

by providing written notice of her or its election to do so ("Termination Notice") to the other Party hereto within ten (10) Days of any of the following occurrences:

       a.  the Court rejects, materially modifies, materially amends or changes, or expressly declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment in the course of adjudicating any request to approve the Settlement Agreement;

       b.  an appellate court reverses the Final Approval Order and Judgment and the Settlement Agreement is not reinstated without material change by the Court on remand;

       c.  the Court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or the Settlement Agreement in any material way, unless such modification or amendment is accepted in writing by all Parties, except that, as provided above, (i) the Court's approval of the requested Attorneys' Fees Award or Service Award, or its or their amount(s), is not a material condition of the Settlement; and (ii) the Court's approval of the repayment of any uncashed check funds to Defendant to offset the costs of the Settlement's administration is not a material condition of the Settlement; or

       d.  the Effective Date does not occur.

108.    <u>Conditions Under Which Defendant May Terminate the Agreement</u>: Defendant will have the right, but not the obligation, to unilaterally terminate this Agreement by providing written notice of her or its election to do so ("Termination Notice") to the other Party hereto within

ten (10) Days of notice from the Settlement Administrator that more than 200 Settlement Class Members are Opt-Outs as of the Opt-Out and Objection Date.

109.    At any point during the period for submitting requests for exclusion, Class Counsel shall be authorized to communicate with any of the persons who have submitted requests for exclusion to provide them with information concerning the Settlement and of their right to withdraw such request for exclusion prior to the Opt-Out and Objection Date.

110.    Revert To Status Quo If Plaintiff Or Defendant Terminates. If either Plaintiff or Defendant terminates this Agreement as provided in this section, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated.

111.    In the event any termination as provided in Section XI occurs after Defendant has funded the Settlement Fund in accordance with this Agreement, the entire Settlement Fund shall belong to and be returned to Defendant, provided, however, that any payments made to the Settlement Administrator from the Settlement Fund for services rendered by the Settlement Administrator prior to the date of any such termination will not be refunded to Defendant;

## XII.    MISCELLANEOUS PROVISIONS

112.    Cooperation of the Parties. The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to fully cooperate and to take all reasonable steps and actions necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or objections by putative or actual Settlement Class Members. Class Counsel and Defense Counsel recognize that they have an obligation to support the Settlement and to seek the Court's final

approval of its terms. Class Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of opt-outs.

113. <u>Interpretation</u>. This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements, or understandings among them as well as any and all prior drafts of this Settlement Agreement. All terms are contractual. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

114. <u>Confidential Information</u>. The Parties agree that the names, addresses, telephone numbers, and other data and materials concerning Settlement Class Members, including the Settlement Class List, used in effecting this Settlement ("Confidential Information") are highly confidential. Therefore, it is agreed that no Person, other than individuals directly employed by Defendant or to whom Defendant has expressly permitted access; the Settlement Administrator and the employees of such Administrator; and such other Persons as the Court may order after hearing on notice to all counsel of record, shall be allowed to access any Confidential Information.

115. <u>Binding Effect</u>. The terms herein are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest, and successors, as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto, including any Settlement Class Members.

116.     Headings. The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

117.     No Rescission on Grounds of Mistake. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

118.     Amendment or Modification. This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel.  Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

119.     Integration of Exhibits.  Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

120.     Jurisdiction. The United States District Court for the Western District of Wisconsin has jurisdiction over the Parties to this Settlement Agreement for the purposes of this Settlement and any action brought to enforce this Settlement.

121.     No Admission. Neither this Settlement Agreement nor any of its provisions, its exhibits, or related documents (including but not limited to drafts of the Settlement Agreement,

the Preliminary Approval Order or the Final Approval Order and Judgment), the Settlement Agreement's negotiation, or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

122.    Governing Law. This Settlement Agreement shall be governed and enforced by, and construed in accordance with, the internal substantive laws of the State of Wisconsin.

123.    Counterparts. This Agreement may be executed in one or more counterparts. All executed counterparts will be deemed to be one and the same instrument.

124.    No Assignment. Plaintiff and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

125.    No Waiver.      The waiver by any Party of any breach of this Settlement Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

126.    Authority. The Parties represent and warrant that the Persons signing this Settlement Agreement on their behalf have full power and authority to bind them to the terms of this Settlement Agreement.  Any Person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Settlement Agreement to all of the terms and provisions of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed and caused this Settlement Agreement to be executed by their duly authorized representatives below.


**PLAINTIFF DANA MANZA**

Date: 10/23/2025

Dana Manza


**DEFENDANT PESI, INC.**

Date: _____

By:
Its:


**CLASS COUNSEL APPROVED AS TO FORM:**

Date: October 22, 2025          By: _____

Frank S. Hedin
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131


**DEFENSE COUNSEL APPROVED AS TO FORM:**

Date: _____          By: _____

David M. Schultz
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

IN WITNESS WHEREOF, the Parties have executed and caused this Settlement Agreement to be executed by their duly authorized representatives below.

**PLAINTIFF DANA MANZA**

_____    Date: _____
Dana Manza

**DEFENDANT PESI, INC.**

_____    Date: 10/23/2025
By: (Michael Olson
Its: Executive Director

**CLASS COUNSEL APPROVED AS TO FORM:**

Date: _____    By: _____
                                Frank S. Hedin
                                HEDIN LLP
                                1395 Brickell Ave., Suite 610
                                Miami, Florida 33131

**DEFENSE COUNSEL APPROVED AS TO FORM:**

Date: 10/24/2025    By: /s/ David M. Schultz
                     David M. Schultz
                     HINSHAW & CULBERTSON LLP
                     151 N. Franklin Street, Suite 2500
                     Chicago, IL 60606

# EXHIBIT A
# (Claim Form)

## Online Claim Form

**If you are a Settlement Class Member, you must submit a completed Claim Form on this webpage on or before [insert date] to receive a payment from the Settlement.**

Please carefully read the full Class Notice for this Class Action Settlement (available at **www.ContinuingEdVPPAClassActionSettlement.com**/[[location of long-form Class Notice]]) before completing and submitting this Claim Form.

Only one claim may be submitted per Settlement Class Member, and a maximum of one Cash Award will be paid to each Settlement Class Member. To complete a Claim Form, provide the information requested below and submit this form.

Unless you elect an electronic payment method below, you will receive your Cash Award by paper check sent to the postal address you provide below. The amount of your Cash Award will be the same regardless if you are paid by electronic payment method or by check. Checks may be deposited into a bank account or cashed at a bank by the expiration date stated on the check (120 days after the check's issuance date); after a check expires, it may no longer be deposited or cashed. An electronic payment will be deposited into the electronic wallet you select and will never expire. If you elect to have your Cash Award sent to you by paper check in the Claim Form below, and your address changes at some point after you submit this Claim Form, it is your responsibility to update the address to which your check should be sent by submitting a change of address change form available at **www.ContinuingEdVPPAClassActionSettlement.com**/[[location of form]] within 14 days of the Effective Date.

**CLAIM ID** (located on the Class Notice sent to you): _____

## CONTACT DETAILS:

**Name:**

_____        _____
FIRST NAME                                                          LAST NAME

**Postal Address** (Your check will be mailed to the address you provide above, unless you elect to receive an electronic payment instead – see below under the "Selection of Payment Type" section):

_____
STREET ADDRESS

_____        _____        _____
CITY                                                    STATE              ZIP CODE

**Other Contact Information:**

_____

TELEPHONE NUMBER

_____    _____

EMAIL ADDRESS
(If you choose to receive an electronic payment in the "Selection of Payment Type" section below, provide the email address associated with the electronic payment method you select)

## **SELECTION OF PAYMENT METHOD:**

I elect to receive my payment from this settlement (choose one):

[X]    by paper check sent to the postal address provided above [[this will be checked by default]]; or

[ ]    by electronic payment method, to an account linked to the email address provided above [[if this is checked, the box above will become unchecked, and options for the various electronic payment methods will appear below, each alongside a checkbox, and the person will be able to check one of the boxes]].

## **CLAIMANT CERTIFICATION:**

By submitting this Claim Form, I certify the following is true and correct: Between October 3, 2022, and October 3, 2024, I purchased a video product from www.pesi.com and/or www.psychotherapynetworker.org.

Signature: _____    [[Requires person to type name]]

    **Agree and Submit**

[[After a person submits the Claim Form page, as shown above, the Settlement Website should display a screen with the message below:]]

Your Claim Form has been submitted to the Settlement Administrator for review. The number assigned to your submitted Claim Form is XXXXXXXXXX.  Please keep a copy of this page for your records. You will also receive an email confirming the submission of your Claim Form to the email address you provided above.

Your Cash Award will be sent to you by the Settlement Administrator by check or electronic payment method, whichever you selected, within 60 days from the Settlement's Effective Date, as described in the Settlement Agreement and Release, which is available at **www.ContinuingEdVPPAClassActionSettlement.com**/[[location of SA]]. This process takes time; please be patient.

Docusign Envelope ID: 9B076D21-73C5-423F-83F3-D415894AC16F

# EXHIBIT B
# (Short-Form Notice)

Your Claim ID: ######

## OFFICIAL COURT-APPROVED LEGAL NOTICE

*Manza v. PESI, Inc.*

United States District Court for the Western District of Wisconsin, Case No. 3:24-cv-00690

**A Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.**

**Records indicate you may have purchased one or more video products or services from PESI.com or PsychotherapyNetworker.org, and a class action settlement may affect your rights. You could get money from this Settlement if you submit a Claim Form.**

A proposed class action settlement has been reached in the lawsuit *Manza. v. PESI, Inc*. The lawsuit alleges that PESI, Inc. (the "Defendant") disclosed information identifying persons who purchased its video products or services to third parties in violation of the federal Video Privacy Protection Act ("VPPA"). Defendant maintains that it did not disclose such information to third parties and did not violate the VPPA.

**Who is included in the Settlement Class?** The Settlement Class includes everyone purchased video products or services from Defendant's PESI.com website or PsychotherapyNetworker.org website between October 3, 2022, and October 3, 2024. If you received this notice, you are likely a Settlement Class Member.

**What are the Settlement Terms?** Defendant has agreed to pay $2,950,000.00 to establish a Settlement Fund, which will be used to pay administrative fees, attorneys' fees and costs of up to 30% of the Settlement Fund to Class Counsel, and a service award of up to $5,000 to the Plaintiff. The remainder of the Settlement Fund will then be divided equally among all Settlement Class Members who submit valid Claim Forms. Although the amount of the Cash Award that each claimant will receive depends on the total number of Claim Forms that are submitted, each Cash Award is estimated to be approximately $65 to $130. This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, review the Settlement Agreement and long-form Class Notice at **www.ContinuingEdVPPAClassActionSettlement.com.**

**How to receive payment?** **To receive a cash payment, you must submit a valid Claim Form at www.ContinuingEdVPPAClassActionSettlement.com/[[location of Claim Form]] with your Claim ID number by no later than [insert Claims Deadline].** On the Claim Form, you can elect to be paid either by paper check or by electronic payment. The amount of your Cash Award will be the same regardless of which method of payment you choose. Checks will be sent to your postal address and must be deposited within 120 days from the issuance date stated on the check or it will expire. Payments sent electronically will never expire. If you choose to receive your payment by check and your mailing address changes after you submit a Claim Form, you must submit an address change form on the Settlement Website by the deadline specified in the Settlement Agreement.

### What are my other options?

**Exclude yourself or Object:** If you do not want to receive a payment from the Settlement or be bound by the Settlement, you must exclude yourself by sending a signed written request for exclusion, postmarked by [insert deadline], to [insert addresses required for requests for exclusion]. If you exclude yourself, you will not receive a payment from the Settlement and cannot object to the Settlement, but you will retain the ability to sue Defendant and the other Released Persons (as defined in the Settlement Agreement) later. If you do not exclude yourself, you will not be able to sue the Released Parties for claims relating to their practices of allegedly collecting, sharing, or disclosing your data (pertaining to your activities on their websites) to third parties in the future. If you do not like any aspect of the Settlement, you may object to it, but only if you do not exclude yourself. Objections must contain your signature and the reasons for the objection, and comply with the other requirements set forth in the Settlement Agreement and the Court's order preliminarily approving the Settlement, which can be found at **www.ContinuingEdVPPAClassActionSettlement.com/[[location of PA order]]**. Objections must be sent to [insert addresses required for requests for exclusion] and postmarked no later than [insert deadline].

**Do Nothing:** If you do nothing, you will not receive a payment and you will be unable to bring claims based on the subject matter of the Action against Defendant or the other Release Persons later.

**When is the Final Approval Hearing?** The Court has scheduled a hearing on [insert date], at [insert time], at 120 North Henry Street, Room 320, Madison, Wisconsin 53703, to consider whether to finally approve the Settlement. You are not required to appear at this hearing.

Docusign Envelope ID: 9B076D21-73C5-423F-83F3-D415894AC16F

For more information about the Settlement, please visit the Settlement Website at www.ContinuingEdVPPAClassActionSettlement.com or contact the Settlement Administrator at [insert Settlement Administrator's e-mail address]. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

Docusign Envelope ID: 0D076D21-73C5-423F-82F3-D41E894AC16F

# EXHIBIT C
# (Long-Form Notice)

## OFFICIAL COURT-APPROVED LEGAL NOTICE

### *Manza v. PESI, Inc.*
United States District Court for the Western District of Wisconsin, Case No. 3:24-cv-00690

**A Court authorized this notice.**
**You are not being sued. This is not a solicitation from a lawyer.**

**If you purchased one or more video products or services from PESI.com or**
**PsychotherapyNetworker.org, you could receive a cash payment from this class action lawsuit.**

A proposed Settlement has been reached in a class action lawsuit called *Manza v. PESI, Inc*. The lawsuit alleges that PESI, Inc. (the "Defendant") disclosed information identifying persons who purchased its video products or services to third parties in violation of the federal Video Privacy Protection Act.  Defendant maintains that it did not disclose information identifying persons who purchased its video products or services to third parties.

The Settlement Class includes all persons who made purchases of video products or services from Defendant's PESI.com website or PsychotherapyNetworker.org website between October 3, 2022, and October 3, 2024.

If the Court approves the Settlement, Defendant has agreed to establish a Settlement Fund, which will be used to pay administrative fees, attorneys' fees and costs of up to 30% of the Settlement Fund to Class Counsel, and a service award of up to $5,000 to the Class Representative. The remainder of the Settlement Fund will then be divided equally among all Settlement Class Members who submit valid Claim Forms. Although the amount of the Cash Award that each claimant will receive depends on the total number of Claim Forms that are submitted, each Cash Award is estimated to be in the range of approximately $65 to $130. You must submit a Claim Form by the Claim Deadline to receive a Cash Award.   The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

**Please read this notice carefully.** Your legal rights are affected whether you act or don't act. These rights and options—and **the deadlines to exercise them**—are explained in this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT THE CLAIM FORM BY [INSERT CLAIM FILING DEADLINE]** | To receive a cash payment from the Settlement, referred to as a "Cash Award," you must submit a valid Claim Form online at **www.ContinuingEdVPPAClassActionSettlement.com/[[location of Claim Form]]** using your Claim ID number.  All Claim Forms must be submitted online by [**insert Claims Deadline**] (the "Claim Deadline"). |

| EXCLUDE YOURSELF BY [INSERT DEADLINE] | If you do not want to receive a Cash Award or be bound by the Settlement, you must exclude yourself by sending a signed written request for exclusion, postmarked by [insert deadline], to [insert addresses required for requests for exclusion]. If you exclude yourself, you will receive no payment from the Settlement and will not be able to object to the Settlement, but you will retain the ability to sue PESI, Inc. and its affiliates, including Psychotherapy Networker (the "Released Persons"). If you do not exclude yourself, any claims you may have against the Released Persons will be released, and you will not be able to sue the Released Persons for claims relating to their practices of collecting, sharing, or disclosing your data pertaining to your activities on the Released Persons's websites to third parties. |
|---|---|
| OBJECT BY [INSERT DEADLINE] | If you do not like any aspect of the Settlement, you may object to it, but only if you do not exclude yourself. Any objections must be postmarked by [insert deadline]. Objections must contain your signature, provide the reasons for the objection, and comply with the other requirements set by the Court in its order granting preliminary approval of the Settlement, a copy of which is accessible at www.ContinuingEdVPPAClassActionSettlement.com/[[location of PA order]]. Objections must be sent to [insert addresses required for requests for exclusion] and postmarked no later than [insert deadline]. |
| ATTEND A HEARING ON [INSERT FINAL APPROVAL HEARING DATE] | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | You will not receive a payment (a Cash Award) from the Settlement and you will not retain the ability to sue the Released Parties later. |

## BASIC INFORMATION

### 1. What is this notice?

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please review the Settlement Agreement available at www.ContinuingEdVPPAClassActionSettlement.com/[[location of SA]], contact the Settlement Administrator at [insert Settlement Administrator's e-mail address] or Class Counsel at Hedin LLP, 1395 Brickell Avenue, Ste 610, Miami, FL 33131, or access the Court docket in this case in person at the Clerk's office at the following address: 120 North Henry Street, Room 320, Madison, Wisconsin 53703.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

### 2. What is a class action lawsuit?

In a class action, one or more "Representative Plaintiffs" sue on behalf of a group of people who have similar claims. In this case and under this Settlement, the represented individuals are collectively referred to as a "Settlement Class" or "Settlement Class Members." In a class action, the court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. After the parties reached an agreement to settle this case, the Court recognized it as a case that may be treated as a class action for settlement purposes only.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleges that PESI, Inc. disclosed information identifying persons who purchased its video products or services to third parties in violation of the federal Video Privacy Protection Act ("VPPA"). Defendant maintains that it did not disclose information identifying persons who purchased its video products or services to third parties and did not violate the VPPA.

More information about the complaint in the lawsuit can be found in the "Court Documents" section of the Settlement website at **www.ContinuingEdVPPAClassActionSettlement.com/[[location of SA]]**.

### 4. Why is there a Settlement?

The Court has not decided whether the Representative Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. The Representative Plaintiff and her attorneys ("Class Counsel") believe that the Settlement is in the best interests of Settlement Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Settlement Class includes all persons who made purchases of video products or services from Defendant's PESI.com website or PsychotherapyNetworker.org website between October 3, 2022, and October 3, 2024.

The following are excluded from the Settlement Class: (1) any trial judge and other judicial officers that may preside over the Action; (2) the Mediator; (3) the Released Parties; (4) Plaintiff's Counsel; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; and (6) any person or entity who has previously given a valid release of the claims asserted in the Action.

Everyone who fits this description is a member of the Settlement Class.  If you received an email about this Settlement, it means that Defendant's records indicate that you are likely a Settlement Class Member.

### 6. What information was allegedly disclosed?

The information covered by this Settlement includes information allegedly disclosed by Defendant that identifies persons who purchased its video products or services to third parties.

## THE SETTLEMENT BENEFITS

**7. What does the Settlement provide?**

Defendant has agreed to pay $2,950,000.00 to establish a Settlement Fund, which will be used to pay administrative fees, attorneys' fees and costs of up to 30% of the Settlement Fund to Class Counsel, and a service award of up to $5,000 to the Class Representative. The remainder of the Settlement Fund, referred to as the "Net Settlement Fund," will then be divided equally among all Settlement Class Members who submit valid Claim Forms. Although the amount of the Cash Award that each claimant will receive depends on the total number of Claim Forms that are submitted, each Cash Award is estimated to be in the range of approximately $65 to $130.

Additionally, as a continuing and future benefit to all Settlement Class Members, Defendant has agreed to in the future refrain from disclosing information identifying persons who purchased its video products or services to third parties, absent such persons' consent.

To receive a Cash Award, Settlement Class Members must submit a valid Claim Form (including by providing all of the information requested in the Claim Form) online by the Claim Deadline. Further details are below.

## HOW TO GET BENEFITS

**8. How do I make a claim?**

To receive a Cash Award, you must submit a Claim Form on the Settlement Website. The Claim Form on the Settlement Website is accessible here: **www.ContinuingEdVPPAClassActionSettlement.com/[[location of Claim Form]]**. **All Claim Forms must be submitted on the Settlement Website by** [**insert Claims Deadline**].

On the Claim Form, you may choose to receive your Cash Award either by paper check sent to your postal address or by electronic payment method. The amount of your Cash Award will be the same regardless of which method of payment you choose. Checks may be deposited into a bank account or cashed at a bank by the expiration date on the check (120 days after the issuance date stated on the check); after a check expires, it may no longer be deposited or cashed. Payments sent by electronic means will never expire. If you choose to receive your settlement payment by paper check and the mailing address you provided on the Claim Form changes after you submitted your Claim Form, you must submit an address change form on the Settlement Website here: **www.ContinuingEdVPPAClassActionSettlement.com/[[location of change of address form]]** as soon as possible and not later than 14 days after the Effective Date.

**9. How much will the payment be?**

The Net Settlement Fund will be divided equally among all Settlement Class Members who submit valid Claim Forms. The exact amount each claimant will receive depends on the total number of claim forms submitted. Each Cash Award is estimated to be in the range of approximately $65 to $130.

**10. When will I get my payment?**

The Court has scheduled a Final Approval Hearing on [**insert date**], at [**insert time**]**,** at 120 North Henry Street, Room 320, Madison, Wisconsin 53703, to consider whether to finally approve the Settlement. You

may appear at the hearing, either yourself or through an attorney hired by you, but you are not required to do so. If you intend to appear at the Final Approval Hearing, you must submit a notice of intent to appear in the manner and form set forth in the Settlement Agreement. For more information, please contact the Settlement Administrator at [**insert Settlement Administrator's e-mail address**] or Class Counsel at Hedin LLP, 1395 Brickell Avenue, Ste 610, Miami, FL 33131, or visit the Settlement Website at **www.ContinuingEdVPPAClassActionSettlement.com**.

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in this case?**

Yes. The Court has appointed the law firm of Hedin LLP to represent you and other Settlement Class Members. These attorneys are referred to as "Class Counsel."  Class Counsel can be reached at Hedin LLP, 1395 Brickell Ave., Ste 610, Miami, Florida 33131.

In addition, the Court appointed Plaintiff Dana Manza to serve as the Representative Plaintiff. She is a Settlement Class Member like you.

**12. Should I get my own lawyer?**

You do not need to hire your own lawyer. Class Counsel is working on your behalf. However, if you want your own lawyer, you are free to retain one.

**13. How will the lawyers be paid?**

On or before [**insert deadline to file application for a fee award and service awards**], Class Counsel intend to ask the Court to award an Attorneys' Fee Award for the services they provided the Settlement Class in the Action of up to 30% of the Settlement Fund, inclusive of all litigation expenses incurred in the Action, as well as a Service Award of $5,000 to the Class Representative for bringing and prosecuting this Action on behalf of the Settlement Class. The Court will determine the amount of any Attorneys' Fee Award to Class Counsel and Service Award to the Representative Plaintiff. The Court may award less than the amounts requested by Class Counsel and the Representative Plaintiff.

Class Counsel will file with the Court and post on the Settlement Website its application for an Attorneys' Fee Award and Service Award by [**insert deadline to file application for a fee award and service awards**].

## YOUR RIGHTS AND OPTIONS

**14. What happens if I do nothing?**

If you do nothing, you **will not** receive a payment (a Cash Award) and you will not retain the ability to sue the Released Parties later.

**15. What happens if I ask to be excluded?**

If you exclude yourself from the Settlement, you will not receive a Cash Award or be bound by the Settlement, but you will retain the ability to sue the Released Persons later for allegedly collecting, sharing, or disclosing your data pertaining to your activities on the Released Persons's websites to third parties.

---

**16. How do I ask to be excluded?**

To exclude yourself from the Settlement, you must send a letter to the Settlement Administrator clearly stating that you want to be excluded from the Settlement in *Manza v. PESI, Inc.*, No. 3:24-cv-000690-AMB-JDP (W.D. Wis). Your letter must also include your name, address, your current phone number, and your signature. It must be sent to the Settlement Administrator at [Insert Settlement Administrator's address to receive requests for exclusion], postmarked no later than [insert deadline].

---

**17. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Released Persons for claims relating to their practices of allegedly collecting, sharing, or disclosing your data pertaining to your activities on the Released Persons's websites to third parties.

---

**18. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, you cannot submit a Claim Form and will not receive a Cash Award.

---

**19. How do I object to the Settlement?**

If you do not like any aspect of the Settlement, you may object to it, but only if you do not exclude yourself. Objections must contain your signature, provide the reasons for the objection, and comply with all other requirements for submitting objections that have been set by the Court in its order granting preliminary approval of the Settlement, a copy of which is accessible at www.ContinuingEdVPPAClassActionSettlement.com/[[location of PA order]]. Objections must be signed and dated and sent to the Court, Class Counsel, and Defense Counsel, postmarked no later than [**insert deadline**], at the following addresses:

| The Court | Class Counsel | Defense Counsel |
|---|---|---|
| Western District, Wisconsin 120 North Henry Street, Room 320 Madison, Wisconsin 53703 | Frank S. Hedin Hedin LLP 1395 Brickell Ave., Suite 610 Miami, Florida 33131 | David Schultz Hinshaw & Culbertson LLP 151 N. Franklin Street, Suite 2500 Chicago, IL 60606 |

If, in addition to submitting a written objection to the Settlement, you wish to appear and be heard at the Final Approval Hearing on the fairness of the Settlement, you must file by [**insert deadline**] a notice of intention to appear with the Court and list the name, address, and telephone number of the attorney, if any, who will appear on your behalf.

---

**20. What is the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement Class is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

**21. When and where will the Court hold a hearing on the fairness of the Settlement?**

The Court has scheduled a hearing on [**insert date**], at [**insert time**], at 120 North Henry Street, Room 320, Madison, Wisconsin 53703, to consider whether to finally approve the Settlement and to approve the requested Attorneys' Fee Award and Service Award. You may appear at the hearing, either yourself or through an attorney hired by you, but you are not required to do so. For more information, please contact the Settlement Administrator at [**insert Settlement Administrator's e-mail address**] or Class Counsel at Hedin LLP, 1395 Brickell Avenue, Ste 610, Miami, FL 33131, or visit the Settlement Website at **www.ContinuingEdVPPAClassActionSettlement.com**. **Note:** The date and time of the fairness hearing are subject to change by Court Order, but any changes will be posted at the Settlement Website.

**22. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you submit an objection, you do not have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may retain your own lawyer to attend on your behalf, but you do not have to. If you do not exclude yourself from the Settlement Class, you may attend and speak at the hearing concerning any part of the proposed Settlement by filing a notice of intent to appear at the Final Approval Hearing, in the manner specified in the Settlement Agreement.

## GETTING MORE INFORMATION

**23. Where can I get additional information?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please review the Settlement Agreement available at **www.ContinuingEdVPPAClassActionSettlement.com/[[location of SA]]**, contact the Settlement Administrator at [**insert Settlement Administrator's e-mail address**] or Class Counsel at Hedin LLP, 1395 Brickell Avenue, Ste 610, Miami, FL 33131, or access the Court docket in this case in person at the Clerk's office at the following address: 120 North Henry Street, Room 320, Madison, Wisconsin 53703.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT D
# (Proposed Order Granting Final Approval)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

DANA MANZA, individually and on behalf
of all others similarly situated,

       Plaintiff,

                              Case No.: 3:24-cv-000690-AMB-JDP

v.

PESI, INC.,

       Defendant.

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTIONS FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEE AND
SERVICE AWARDS; AND JUDGMENT**

The matter before the Court is Plaintiff's Unopposed Motion for Final Approval of

Proposed Class Action Settlement (ECF No. __) and Motion for Attorneys' Fee Award and Service

Award (ECF No. __).

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them

in the Settlement Agreement.

2.      The Court has subject-matter jurisdiction over this Action and personal jurisdiction

over the Parties.

3.      The Court held a Final Fairness Hearing on [[date]] to consider the fairness,

reasonableness, and adequacy of the Settlement and the requested Attorneys' Fee Award and

Service Award.

4.      Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court certifies

the following Settlement Class for purposes of the Settlement:

      All persons who made purchases of video products or services from Defendant's
      www.pesi.com website and/or www.psychotherapynetworker.org website between
      October 3, 2022 and October 3, 2024.

5.      Excluded from the Settlement Class are the following persons: PESI, Inc., the Released Persons and their employees, officers, directors, agents, and representatives, and their immediate family members; Class Counsel; and the Court, the Court's immediate family members, and Court staff.

6.      The Court finds that the requirements of Rules 23(a) and (b)(3) are satisfied for the following reasons: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members (e.g., whether Defendant unlawfully disclosed to third parties Plaintiff's and Settlement Class Members' personally identifiable information without consent in a manner that violated the VPPA); (3) Plaintiff's claim is typical of the claims of the Settlement Class; (4) Plaintiff and her counsel have and will continue to fairly and adequately protect the interests of the Settlement Class; and (5) a settlement class action is a superior method of fairly and efficiently adjudicating this Action.

7.      The Court finds that the Settlement Agreement was reached as a result of extensive arm's length negotiations between the Parties and their counsel, with the assistance of an experienced mediator, the Hon. James F. Holderman.

8.      Having considered the factors relevant to class settlement approval pursuant to Rule 23, the Court approves the Settlement as fair, reasonable, and adequate and in the best interests of Settlement Class Members.

9.      The Court hereby reaffirms its appointment of Kroll, LLC to perform the functions and duties of the Settlement Administrator set forth in the Settlement—including providing notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund—and to provide such other administration services as are reasonably necessary

to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions.

10.    The Court finds that the Class Notice was provided to Settlement Class Members in compliance with Section VII of the Settlement Agreement, Rule 23(c) of the Federal Rules of Civil Procedure. The Settlement Class Notice Program: (a) constituted the best notice practicable under the circumstances and complied fully with the requirements of the Federal Rules of Civil Procedure, including Rule 23; (b) constituted valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process, the rules of the Court, and any other applicable law (including, but not limited to, Fed. R. Civ. P. 23); and (c) constituted notice that was reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

11.    The Court finds that CAFA Notice was timely and properly served on all requisite parties in compliance with 28 U.S.C. § 1715.

12.    The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

13.    Additionally, the Court finds that the requested Attorneys' Fee Award is fair, reasonable, and adequate in view of the significant time and resources that Class Counsel devoted to this action on behalf of the Settlement Class, the experience and quality of the work performed by Class Counsel, the significant risks of non-recovery that Class Counsel faced in this Action, and the result that Class Counsel ultimately achieved for the Settlement Class with the Settlement.

14.     Finally, the requested Service Award is fair, reasonable, and adequate in view of Plaintiff's efforts bringing, prosecuting, and participating in this action on behalf of the Settlement Class.

**IT IS HEREBY ORDERED THAT:**

1.      The Unopposed Motion for Final Approval of Proposed Class Action Settlement (ECF No. __) is GRANTED.

2.      The Motion for an Attorneys' Fee Award and Service Award (ECF No. __) is GRANTED.  The Court approves an award of attorneys' fees (inclusive of all litigation expenses) to Class Counsel in the amount of _____ and a service award to Plaintiff in the amount of _____.  These awards shall be paid by the Settlement Administrator from the Settlement Fund in the time and manner specified in the Settlement Agreement.

3.      This Final Approval Order and Judgment applies to all claims or causes of action settled under the Settlement Agreement, has *res judicata* preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release against the Released Persons maintained by or on behalf of the Releasing Persons, and binds all Settlement Class Members other than those who filed timely and valid requests for exclusion and thus became Opt-Outs. Attached to this Final Approval Order and Judgment as **Exhibit A** is a conclusive and complete list of Opt-Outs.

4.      Upon entry of this Final Approval Order and Judgment, the Releasing Persons (except for the Opt-Outs identified in Exhibit A hereto) are deemed to have released and discharged PESI, Inc. and the other Released Persons from the Released Claims under the Settlement Agreement, and are hereby barred against bringing any action or claim against any of

Docusign Envelope ID: 0D076D21-73C5-4285-82F3-D41F894AC165

the Released Parties for any of the Released Claims. The full terms of the release described in this paragraph are set forth in Section IX of the Settlement Agreement and incorporated herein.

5.      Neither the Settlement Agreement nor any of its provisions, its exhibits, or related documents, the Settlement Agreement's negotiation, or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or waiver by any person, including Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

6.      The Parties to the Settlement Agreement, and as applicable, all other persons and entities, shall perform their obligations thereunder and refrain from engaging in any conduct prohibited by the Settlement Agreement. The relief provided for in the Settlement Agreement shall be made available to the Settlement Class Members who have submitted valid Claim Forms, pursuant to the terms of the Settlement Agreement. The Settlement Agreement is incorporated as if explicitly set forth herein and shall have the full force and effect of an order of this Court. The Parties to the Settlement Agreement, without further approval from the Court, are authorized to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Approval Order and Judgment; and (b) do not limit the rights of the Parties.

7.      This Action is hereby dismissed with prejudice, with each party to bear its own costs.

8.      Without affecting the finality of this Final Approval Order and Judgment, the Court shall retain exclusive and continuing jurisdiction over the Settlement Administrator, Defendant, Plaintiff, and the Settlement Class Members as to all matters relating to the administration,

consummation, enforcement, and interpretation of the terms of the Settlement, the Settlement Agreement, the Final Approval Order and Judgment, and for any other necessary purpose, until all of the terms of the Settlement Agreement have been fully carried out.

9.     The Court hereby directs entry of this Final Order and Judgment pursuant to Rules 54(b) and 58 of the Federal Rules of Civil Procedure based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this final judgment. The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: _____                    _____
                                                Hon. James D. Peterson
                                                United States District Judge

Docusign Envelope ID: 0D076D21-73C5-423F-83F3-D41E894AC16F

# EXHIBIT E
# (Proposed Order Granting Preliminary Approval)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

DANA MANZA, individually and on behalf
of all others similarly situated,

       Plaintiff,

                                          Case No.: 3:24-cv-000690-AMB-JDP

v.

PESI, INC.,

       Defendant.

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiff's unopposed motion for preliminary approval

of a proposed class action settlement pursuant to Federal Rule of Civil Procedure 23(e).  Based on

this Court's review of the Parties' Settlement Agreement and Plaintiff's Unopposed Motion for

Preliminary Approval of Settlement, and all files and submissions,

**IT IS HEREBY ORDERED:**

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them

in the Settlement Agreement.

2.      The Parties have moved the Court for an order approving the settlement of the

Action in accordance with the Settlement Agreement, which, together with the documents

incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal

of the Action with prejudice, and the Court having read and considered the Settlement Agreement

and having heard the parties and being fully advised on all aspects of this dispute, hereby

preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval

Hearing referred to in paragraph 5 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of extensive arm's length negotiations between the Parties and their counsel, who are experienced class action attorneys, reached with the assistance of an experienced mediator, the Hon. James F. Holderman; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including, for settlement purposes only, Rule 23 of the Federal Rules of Civil Procedure, (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law; and (e) nothing about Defendant's participation in settlement discussions, execution of the Settlement Agreement, and/or any actions taken and statements made in furtherance of the Settlement and/or the Settlement Agreement will be deemed an admission or waiver.

## FINAL APPROVAL HEARING

5. The Final Approval Hearing shall be held before this Court on [at least 120 days after entry of the Preliminary Approval Order], at [[time]] via Zoom [Zoom Webinar ID: XXXXX; Zoom Password: XXXXX] to determine (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate

3

and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether the Attorneys' Fee Award requested by Class Counsel should be approved; and (d) whether the Service Award requested by the Class Representative should be approved.

6.      Class Counsel shall file papers in support of any application for an Attorneys' Fee Award and a Service Award by no later than twenty (20) days prior to the Opt-Out and Objection Date.

7.      For purposes of settlement only, the Court appoints Plaintiff's counsel at Hedin LLP as Class Counsel for the Settlement Class. The Court finds that Hedin LLP is competent and capable of exercising the responsibilities of Class Counsel and will adequately protect the interests of the Settlement Class defined below. Further, for purposes of settlement only, the Court appoints Plaintiff, Dana Manza, as Class Representative for the Settlement Class.

## PRELIMINARY APPROVAL OF SETTLEMENT CLASS

8.      For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All persons who made purchases of video products or services from Defendant's www.pesi.com website and/or www.psychotherapynetworker.org website between October 3, 2022 and October 3, 2024.

9.      Excluded from the Class are (1) any Judge presiding over this Action and members of their families; (2) the Defendant, Released Persons, and their employees, officers, directors, agents, and representatives, and their immediate family members; (3) persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors or assigns of any such excluded persons; and Class Counsel.

10. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5 above, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class (e.g., whether Defendant unlawfully disclosed to third parties Plaintiff's and the Settlement Class Members' personally identifiable information without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710); (c) the claims of the Class Representative are typical of the claims of the members of the Settlement Class; (d) the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law or fact predominate over questions affecting individual members; and (f) a class action is a superior method for fairly and efficiently adjudicating the Action.

11. If the Settlement Agreement does not receive the Court's final approval or if final approval is reversed on appeal, or if the Settlement Agreement is terminated pursuant to its provisions or otherwise fails to become effective, the Court's grant of class certification for settlement purposes shall be vacated, and the Class Representative and the Settlement Class will once again bear the burden of establishing the propriety of class certification. In such a case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

<u>**NOTICE AND ADMINISTRATION AND CLAIMS PROCESS**</u>

12.     The Court approves, as to form, content, and distribution, the Settlement Class Notice Program set forth in the Settlement Agreement, including the Claim Form attached to the Settlement Agreement as **Exhibit A** and the Class Notices attached to the Settlement Agreement as **Exhibits B–C**, and finds that such Class Notice is the best notice practicable under the circumstances and complies fully with the requirements of the Federal Rules of Civil Procedure, including Rule 23. The Court also finds that the Class Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process, the rules of the Court, and any other applicable law (including, but not limited to, Fed. R. Civ. P. 23). The Court further finds that the Class Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by agreement, may revise the Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13.     The Court approves the request for the appointment of Kroll, LLC as Settlement Administrator.

14.     Pursuant to Section VII of the Settlement Agreement, the Settlement Administrator is directed to publish the Class Notice and Claim Form on the Settlement Website and send the Class Notice to Settlement Class Members in the form and manner specified in the Settlement Agreement. The Settlement Administrator shall also establish and maintain the Settlement Website as specified in the Settlement Agreement.

15.     Settlement Class Members who wish to receive a *pro rata* share of the Net Settlement Fund must complete and submit a timely and valid Claim Form in the manner set forth in the Settlement Agreement. To be valid, a Claim Form must be submitted on the Settlement Website by no later than the Claims Deadline specified in the Settlement Agreement.

## EXCLUSIONS AND OBJECTIONS

16.     Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" of the Class. To become an Opt-Out, a Settlement Class Member must, on or before the Opt-Out and Objection Date (as specified in the Settlement Agreement), send a written request for exclusion to the Settlement Administrator in compliance with all requirements and procedures set forth in the Settlement Agreement. Any members of the Settlement Class who become Opt-Outs shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits, and may not file an objection to the Settlement.

17.     Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the Attorneys' Fee Award to be sought by Class Counsel or the Service Award to be sought by Class Representative. To object, members of the Class must sign and mail, to the Court and the parties specified in the Settlement Agreement, a written objection on or before the Opt-Out and Objection Date (as specified in the Settlement Agreement). To be valid, the objection must comply with all objection requirements and procedures set forth in the Settlement Agreement.

18.    At least twenty (20) days prior to the Opt-Out and Objection Date, Class Counsel shall file any application for an Attorneys' Fee Award and Class Representative shall file any application for a Service Award, and such applications shall be promptly posted to the Settlement Website by the Settlement Administrator.

19.    If an objecting party chooses to appear at the Final Approval Hearing, then by no later than the Opt-Out and Objection Date, a notice of intention to appear, either in person or through an attorney, shall be filed with the Court and list the name, address, and telephone number of the person and/or any attorney who will appear and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court).

20.    Members of the Class who fail to file and serve timely written objections in compliance with the requirements and procedures set forth in the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether the Attorneys' Fee Award requested by Class Counsel should be approved; and (d) whether the Service Award requested by the Class Representative should be approved.

## OTHER MATTERS

21.    All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

8

22.     Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

23.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

24.     Any Settlement Class member who does not timely and validly submit a Claim Form: shall be forever barred from participating in any distributions of the Settlement Fund; (b) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Order and Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (c) shall forever be barred from bringing any action or claim against any of the Released Persons for any of the Released Claims.

25.     If the Settlement Agreement is terminated pursuant to Section XI of the Settlement Agreement, the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed, and any orders entered by the Court in connection with the Settlement Agreement will be vacated.

IT IS SO ORDERED.

Dated: _____          _____
                                     Hon. James D. Peterson
                                     United States District Judge

Docusign Envelope ID: 0D076D21-73C5-423F-83F3-D41E894AC16F

# EXHIBIT F
# (Stipulated Undertaking)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

DANA MANZA, individually and on behalf
of all others similarly situated,

       Plaintiff,

                                   Case No.: 3:24-cv-000690-AMB-JDP

v.

PESI, INC.,

       Defendant.

**STIPULATED UNDERTAKING RE: ATTORNEYS' FEE AWARD**

Plaintiff Dana Manza and Defendant PESI, Inc. (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Hedin LLP (the "Firm"), as counsel for Plaintiff and Court-appointed Class Counsel, desires to give an undertaking in the event repayment of the Attorneys' Fee Award approved by the Court in the Action becomes necessary (the "Undertaking"); and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself as an individual and as agent for his law firm, hereby submits himself and his law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District

Court for the Western District of Wisconsin for the enforcement of any and all disputes relating to or arising out of the reimbursement obligation set forth herein and in the Settlement Agreement.

In the event that the Final Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days, repay to Defendant the full amount of any Attorneys' Fee Award paid to the Firm from the Settlement Fund, including any accrued interest, pursuant to written instructions provided by Defense Counsel.

In the event the Final Order and Judgment is upheld, but any Attorneys' Fee Award approved by the Court or any part of it is vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund the amount of any Attorneys' Fee Award paid to the Firm from the Settlement Fund that has been vacated or modified, including any accrued interest, pursuant to written instructions provided by the Settlement Administrator.

This Undertaking and all obligations set forth herein shall automatically expire on the date on which any and all direct appeals of the Final Order and Judgment become final.

In the event the Firm fails to repay to Defendant or the Settlement Administrator, as the case may be, any or all of any Attorneys' Fee Award owed to Defendant or the Settlement Administrator pursuant to this Undertaking, the Court shall, upon application of Defendant, and notice to the Firm, summarily issue orders, including but not limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned signatory for the Firm stipulates, warrants, and represents that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury, pursuant to the laws of the United States, that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: _____, 2025          HEDIN LLP

_____
By: Frank S. Hedin, on behalf of Hedin LLP
Counsel for Plaintiff Dana Manza and Class Counsel

DATED: _____, 2025

_____
By: David Schultz
Attorney for Defendant PESI, Inc.