UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

DANA MANZA, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.

PESI, INC.,

    Defendant.

Case No.: 3:24-cv-000690-AMB-JDP

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiff's unopposed motion for preliminary approval of a proposed class action settlement pursuant to Federal Rule of Civil Procedure 23(e). Based on this Court's review of the Parties' Settlement Agreement and Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, and all files and submissions,

**IT IS HEREBY ORDERED:**

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised on all aspects of this dispute, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

3.      This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of extensive arm's length negotiations between the Parties and their counsel, who are experienced class action attorneys, reached with the assistance of an experienced mediator, the Hon. James F. Holderman; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including, for settlement purposes only, Rule 23 of the Federal Rules of Civil Procedure, (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law; and (e) nothing about Defendant's participation in settlement discussions, execution of the Settlement Agreement, and/or any actions taken and statements made in furtherance of the Settlement and/or the Settlement Agreement will be deemed an admission or waiver.

## FINAL APPROVAL HEARING

5.      The Final Approval Hearing shall be held before this Court on [at least 120 days after entry of the Preliminary Approval Order], at [time] via Zoom [Zoom Webinar ID: XXXXX; Zoom Password: XXXXX] to determine (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate

and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether the Attorneys' Fee Award requested by Class Counsel should be approved; and (d) whether the Service Award requested by the Class Representative should be approved.

6. Class Counsel shall file papers in support of any application for an Attorneys' Fee Award and a Service Award by no later than twenty (20) days prior to the Opt-Out and Objection Date.

7. For purposes of settlement only, the Court appoints Plaintiff's counsel at Hedin LLP as Class Counsel for the Settlement Class. The Court finds that Hedin LLP is competent and capable of exercising the responsibilities of Class Counsel and will adequately protect the interests of the Settlement Class defined below. Further, for purposes of settlement only, the Court appoints Plaintiff, Dana Manza, as Class Representative for the Settlement Class.

## PRELIMINARY APPROVAL OF SETTLEMENT CLASS

8. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All persons who made purchases of video products or services from Defendant's www.pesi.com website and/or www.psychotherapynetworker.org website between October 3, 2022 and October 3, 2024.

9. Excluded from the Class are (1) any Judge presiding over this Action and members of their families; (2) the Defendant, Released Persons, and their employees, officers, directors, agents, and representatives, and their immediate family members; (3) persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors or assigns of any such excluded persons; and Class Counsel.

10. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5 above, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class (e.g., whether Defendant unlawfully disclosed to third parties Plaintiff's and the Settlement Class Members' personally identifiable information without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710); (c) the claims of the Class Representative are typical of the claims of the members of the Settlement Class; (d) the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law or fact predominate over questions affecting individual members; and (f) a class action is a superior method for fairly and efficiently adjudicating the Action.

11. If the Settlement Agreement does not receive the Court's final approval or if final approval is reversed on appeal, or if the Settlement Agreement is terminated pursuant to its provisions or otherwise fails to become effective, the Court's grant of class certification for settlement purposes shall be vacated, and the Class Representative and the Settlement Class will once again bear the burden of establishing the propriety of class certification. In such a case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

## NOTICE AND ADMINISTRATION AND CLAIMS PROCESS

12. The Court approves, as to form, content, and distribution, the Settlement Class Notice Program set forth in the Settlement Agreement, including the Claim Form attached to the Settlement Agreement as **Exhibit A** and the Class Notices attached to the Settlement Agreement as **Exhibits B–C**, and finds that such Class Notice is the best notice practicable under the circumstances and complies fully with the requirements of the Federal Rules of Civil Procedure, including Rule 23. The Court also finds that the Class Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process, the rules of the Court, and any other applicable law (including, but not limited to, Fed. R. Civ. P. 23). The Court further finds that the Class Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by agreement, may revise the Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13. The Court approves the request for the appointment of _____ as Settlement Administrator.

14. Pursuant to Section VII of the Settlement Agreement, the Settlement Administrator is directed to publish the Class Notice and Claim Form on the Settlement Website and send the Class Notice to Settlement Class Members in the form and manner specified in the Settlement Agreement. The Settlement Administrator shall also establish and maintain the Settlement Website as specified in the Settlement Agreement.

15. Settlement Class Members who wish to receive a *pro rata* share of the Net Settlement Fund must complete and submit a timely and valid Claim Form in the manner set forth in the Settlement Agreement. To be valid, a Claim Form must be submitted on the Settlement Website by no later than the Claims Deadline specified in the Settlement Agreement.

## **EXCLUSIONS AND OBJECTIONS**

16. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" of the Class. To become an Opt-Out, a Settlement Class Member must, on or before the Opt-Out and Objection Date (as specified in the Settlement Agreement), send a written request for exclusion to the Settlement Administrator in compliance with all requirements and procedures set forth in the Settlement Agreement. Any members of the Settlement Class who become Opt-Outs shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits, and may not file an objection to the Settlement.

17. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the Attorneys' Fee Award to be sought by Class Counsel or the Service Award to be sought by Class Representative. To object, members of the Class must sign and mail, to the Court and the parties specified in the Settlement Agreement, a written objection on or before the Opt-Out and Objection Date (as specified in the Settlement Agreement). To be valid, the objection must comply with all objection requirements and procedures set forth in the Settlement Agreement.

18. At least twenty (20) days prior to the Opt-Out and Objection Date, Class Counsel shall file any application for an Attorneys' Fee Award and Class Representative shall file any application for a Service Award, and such applications shall be promptly posted to the Settlement Website by the Settlement Administrator.

19. If an objecting party chooses to appear at the Final Approval Hearing, then by no later than the Opt-Out and Objection Date, a notice of intention to appear, either in person or through an attorney, shall be filed with the Court and list the name, address, and telephone number of the person and/or any attorney who will appear and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court).

20. Members of the Class who fail to file and serve timely written objections in compliance with the requirements and procedures set forth in the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether the Attorneys' Fee Award requested by Class Counsel should be approved; and (d) whether the Service Award requested by the Class Representative should be approved.

## **OTHER MATTERS**

21. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

22.     Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

23.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

24.     Any Settlement Class member who does not timely and validly submit a Claim Form: shall be forever barred from participating in any distributions of the Settlement Fund; (b) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Order and Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (c) shall forever be barred from bringing any action or claim against any of the Released Persons for any of the Released Claims.

25.     If the Settlement Agreement is terminated pursuant to Section XI of the Settlement Agreement, the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed, and any orders entered by the Court in connection with the Settlement Agreement will be vacated.

IT IS SO ORDERED.

Dated: _____          _____
                                          Hon. James D. Peterson
                                          United States District Judge