**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

DANA MANZA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PESI, INC.,

Defendant.

Case No. 3:24-cv-000690-jdp

**DECLARATION OF LINDSEY MARQUEZ OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH PRELIMINARY APPROVAL OF SETTLEMENT**

I, Lindsey Marquez, hereby declare:

1. I am a Director of Kroll Settlement Administration LLC ("Kroll"),[1] the proposed Settlement Administrator[2] to be appointed in the above-captioned case, whose principal office is located at One World Trade Center, 285 Fulton Street, 31st Floor, New York, New York 10007. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with Preliminary Approval of the Settlement.

2. Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, privacy, securities, labor and employment, consumer and government enforcement matters. Kroll has provided class action services in over 3,000 settlements varying in size and complexity over the past 50 years.

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement entered into in this Action.

[2] The Settlement Agreement proposes "Kroll, LLC" as the Settlement Administrator. Kroll, LLC is the parent company of Kroll Settlement Administration LLC, the actual Settlement Administrator proposed to be appointed in this case.

3. Kroll is prepared to provide a full complement of notification and claims administration services in connection with the Settlement Agreement, including dissemination of the Class Notice by email or mail and through the use of a Settlement Website to be created in connection with this matter.

4. Kroll has been provided with a Settlement Class List of all Settlement Class Members pursuant to the Settlement Agreement, which contains a combination of names, last known physical addresses (if available), last known email addresses, and other data elements pertinent to the administration of the Settlement.

## **CAFA Notice**

5. On November 6, 2025, on behalf of the Defendant, Kroll provided notice of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b). At Defense Counsel's direction, Kroll sent the CAFA Notice, which identified how to access required documents relating to the Settlement, via first-class certified mail or e-mail to (a) the Attorney General of the United States; and (b) the applicable state Attorneys General. The CAFA Notice directed the recipients to the website www.CAFANotice.com, a site that contains all the documents relating to the Settlement referenced in the CAFA Notice.

6. At the direction of Defense Counsel, within ten (10) days of the filing of Plaintiff's renewed motion for preliminary approval of the Settlement, Kroll will provide a supplemental CAFA Notice to the same recipients identified above.

## **Notice by Email**

7. In preparation for disseminating short-form Class Notices by email (the "Email Notice"), Kroll will work with Class Counsel and Defense Counsel (collectively, "Counsel") to finalize the language for the Email Notice. Once the Email Notice is approved, Kroll will create an Email Notice template in preparation for the email campaign. Kroll will prepare a file with all Settlement Class Member email addresses and upload the file to an email campaign platform. Kroll will prepare email proofs for review and final approval by Counsel. The proofs/test emails for

approval will include the body of the email and subject line. Once the proofs/test emails are approved, the email campaign will begin as directed in the Settlement Agreement.

8. Kroll will track and monitor emails that are rejected or "bounced back" as undeliverable. At the conclusion of the email campaign, Kroll will provide a report with the email delivery status of each record. The report will include the number of records that had a successful Email Notice delivery, and a count of the records where delivery failed. Kroll will also update its administration database with the appropriate status of the email campaign for each of the Settlement Class Member records.

9. If the Email Notice was delivered successfully, no further action will be taken with respect to the particular Settlement Class Member record.

10. If the Email Notice is rejected or "bounces back" as undeliverable, Kroll will send a short-form Class Notice by first-class mail (the "Postcard Notice") to the physical address for that record if available, as described below.

**Notice by Mail**

11. Kroll will work with Counsel to format the Postcard Notice for mailing. Upon approval, Kroll will coordinate the preparation of Postcard Notice proofs for Counsel's review and final approval.

12. As required under paragraph 78 of the Settlement Agreement, Kroll will send the Postcard Notice by first-class mail to the physical mailing addresses of Settlement Class Members whose Email Notice bounced and a physical mailing address is included in the Settlement Class List.

13. In preparation for the Postcard Notice mailing, Kroll with send the Settlement Class List through the United States Postal Service's ("USPS") National Change of Address ("NCOA") database. The NCOA process will provide updated addresses for Settlement Class Members who have submitted a change of address with the USPS in the last 48 months, and the process will also standardize the addresses for mailing. Kroll will then prepare a mail file of Settlement Class Members that are to receive the Postcard Notice via first-class mail. Postcard Notices returned by

the USPS with a forwarding address will be automatically re-mailed to the updated address provided by the USPS.

14. The Settlement Class Notice Program as outlined in the Settlement Agreement and as expected to be implemented by Kroll contemplates a robust Settlement Class List provided by the Defendant that will allow for direct notice to reach the vast majority of Settlement Class Members through direct email and mail, consistent with due process. Based upon information provided by the Defendant, and assuming data received is relatively up to date, Kroll estimates an average undeliverable rate of no more than 9% and thus projects direct notice will likely reach 90% of the Settlement Class Members. These assumptions are subject to the accuracy and quality of the data received. Kroll's estimated reach for direct notice is consistent with other court-approved, best-practicable notice programs and Federal Judicial Center Guidelines, which state that a notice plan that reaches[3] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[4]

**Settlement Website**

15. Kroll will work with Counsel to create a dedicated Settlement Website. The Settlement Website URL will be determined and approved by Counsel. The Settlement Website will contain a summary of the Settlement, will allow Settlement Class Members to contact the Settlement Administrator with any questions or changes of address, provide notice of important dates such as the Final Approval Hearing, Claims Deadline, Opt Out and Objection Date, and will provide Settlement Class Members who file Claim Forms online the opportunity to select an electronic payment method, including Venmo, Zelle, PayPal, or ACH, or payment by check. The Settlement Website will also contain downloadable copies of relevant documents including the Settlement Agreement, long-form Class Notice, Preliminary Approval Order, and when available,

---

[3] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[4] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation: A Pocket Guide for Judges, at 27 (3d ed. 2010).

the motion for Attorneys' Fee Award and Service Award, Motion for Final Approval, Final Approval Order and Judgment, and any other materials agreed upon by Counsel and/or required by the Court.

**Toll-Free Telephone Number**

16. Kroll will also establish a toll-free telephone number for the Settlement. The toll-free telephone number will allow Settlement Class Members to call and obtain information about the Settlement through an Interactive Voice Response system. Settlement Class Members may also request copies of the long-form Class Notice as well as the Settlement Agreement.

**Post Office Box**

17. Kroll will designate a post office box with the mailing address *Manza v. PESI, Inc.*, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391, in order to receive requests for exclusion and correspondence from Settlement Class Members.

**Claims Administration**

18. In order to prevent Claim Forms from being filed by individuals outside the Settlement Class and to curtail fraud, it is standard practice for Kroll to provide Settlement Class Members a unique "Class Member ID" on their respective notices as part of the claims process. The Class Member ID is required for Settlement Class Members to file a Claim Form online.

19. As part of Kroll's customary claim review and verification process, Kroll will confirm whether each Claims Form was submitted by a member of the Settlement Class and otherwise complies with the requirements of the Settlement Agreement. In matters such as this, where Kroll is provided with information for all class members, verification of a claimant's membership in the Settlement Class is a simple matter.

20. In certain instances, a Settlement Class Member's claim will be determined to be deficient for some other reason, such as missing or otherwise incomplete information in their claim submission, or where follow up with the claimant is deemed necessary due to suspicions of fraudulent activity. In such circumstances, and in consultation with Counsel, Kroll will typically

notify the claimant that their claim has preliminarily been deemed deficient and provide them the opportunity to cure said deficiency within a given time frame.

21. The claims validation process as set forth in the Settlement Agreement and further elaborated on herein is, in Kroll's experience, typical of the standard procedures used to administer claims in similar settlements.

**Settlement Administration Expenses**

22. Based on Kroll's current understanding of the Settlement Class size and requested notice and claims administration services, estimated Settlement Administration Expenses are approximately $87,616 for fees, costs and other expenses incurred for settlement administration pursuant to the Settlement Agreement. The current estimate is subject to change depending on factors such as the actual Settlement Class size and/or any Settlement Administration scope change not currently under consideration; however, as set forth in the Settlement Agreement, Kroll has agreed that Settlement Administration Expenses for this matter shall not exceed $105,200.

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on February 20, 2026, in Austin, Texas.

Lindsey Marquez