IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANA MANZA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PESI, INC.,

Defendant.

OPINION and ORDER

24-cv-690-jdp

---

Plaintiff Dana Manza purchased videos online from defendant Pesi, Inc. Manza is suing Pesi under the Video Privacy Protection Act (VPPA) for disclosing her purchasing history and other personal information to social media companies and data brokers without her consent. The court previously granted Manza's unopposed motion for class certification but denied her unopposed motion for preliminary approval of the settlement. Dkt. 50.

The basic terms of the settlement appear reasonable:

- a total settlement of $2,950,000;
- no more than $105,200 for administrative expenses'
- no more than 30 percent of the total settlement (after administrative expenses are subtracted) for class counsel's fees and legal expenses, which would amount to $853,440;
- the remainder for the class, which would amount to at least $1,991,360, including $5,000 for the class representative.[1]

---

[1] The court has updated these numbers to correct a calculation error in the previous order. *See* Dkt. 51, at 1 n.1.

The court raised questions about four issues in its previous order: (1) whether the settlement included injunctive relief; (2) why there was a discrepancy between the scope of the class period and the scope of claims being released; (3) what the process was for determining the validity of a class member's claim; and (4) whether there was a need for cy pres award. The court also directed the parties to revise the class notices in several ways.

Plaintiffs have filed a renewed motion for preliminary approval, along with amended notices. Dkt. 51. The court has reviewed the submissions and concludes that plaintiffs have resolved all but two of the court's concerns.

The first remaining concern is that that there is still a discrepancy between the scope of the class claims and the scope of the proposed release. Part of the court's role in evaluating the fairness of the proposed settlement is to "scrutinize what claims the class is giving up and what the class is receiving in exchange." *Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 877 F.3d 276, 286–87 (7th Cir. 2017).

In this case, the proposed class includes anyone who purchased videos from Pesi between October 2022 and October 2024, Dkt. 46-1, ¶ 46, but the proposed release covers claims from October 2022 to the date of final approval. *Id.* ¶ 31. Plaintiffs say that the reason for the discrepancy "is to ensure that Defendant cannot subsequently be found liable for having provided the Class List to the Settlement Administrator," which then provided the list to government officials who must be notified under 28 U.S.C. § 1715. Dkt. 51, at 3.

Plaintiffs do not explain the basis for their belief that it could violate the VPPA to disclose class members' names (without their purchase history) for the purpose of administering the settlement. But even assuming that the concern is valid, the parties could have included language that released claims based on that issue, without requiring the class to release *all*

VPPA claims that arose after October 2024. Plaintiffs do not say whether they investigated potential claims after that date or determined what the value of those claims might be.

The general rule is that releases in class actions should be limited to the claims in the case and claims "based on the identical factual predicate as that underlying the claims in the settled class action." *Williams v. Gen. Elec. Capital Auto Lease, Inc.*, 159 F.3d 266, 273–74 (7th Cir. 1998). A release that covers a different time period than the class period is inconsistent with that rule. The parties have not attempted to assess the value of claims accruing after 2024 or otherwise explain why it is fair and reasonable to impose such a broad release. The court will give the parties an opportunity to either narrow the release or show cause why they cannot do so.

The second concern is about the process for the administrator to review claims. Plaintiffs describe the following process:

> [E]very person who submits a claim form that the Settlement Administrator is unable to verify (again, by reference to the Class List, and/or with the assistance of the Class Member ID system discussed above) will be contacted by the Settlement Administrator, either by e-mail or telephone (to the extent a telephone number is provided by the claimant), to afford the person an opportunity to provide additional information to the Settlement Administrator to verify the claim. After contacting the claimant and seeking and hopefully obtaining additional information from the claimant, the Settlement Administrator will decide whether the claim was submitted by a person who appears on the Class List or not, with the ability of either party to object to the Settlement Administrator's decision. After a determination that a claim is invalid, each claimant who submits an invalid claim form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice.

Dkt. 51, at 6. This process is fine as far as it goes. But there are two problems. First, the process above is not spelled out in the long-form notice. Second, the process does not provide any way

for class members to raise an objection with the court if they believe that the administrator incorrectly rejected their claim. The parties must revise the notice to address both problems by: (1) explaining how the claims process works; and (2) instructing class members that they may file an objection that the court will consider if they believe that the settlement administrator incorrectly rejected their claim. This means that the deadline for the administrator to make any final decisions on claims will have to come before the deadline for class members to object. The parties should submit a proposed schedule (based on the number of days rather than specific dates) that reflects their understanding of how much time will be needed for each step of the process.

ORDER

IT IS ORDERED that the renewed motion for preliminary approval, Dkt. 51, is DENIED without prejudice. The parties may have until August 31, 2026, to file a renewed motion that focuses on the issues raised in this order.

Entered July 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge