N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANA MANZA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PESI, INC.,

Defendant.

OPINION and ORDER

24-cv-690-jdp

---

Plaintiff Dana Manza purchased videos online from defendant Pesi, Inc. Manza is suing Pesi under the Video Privacy Protection Act (VPPA) for disclosing her purchasing history and other personal information to social media companies and data brokers without her consent. The parties renew their motion for preliminary approval of their proposed settlement. Dkt. 54.

In previous orders, the court signaled its approval of most aspects of the settlement. Dkt. 50 and Dkt. 53. But two issues remained: (1) the temporal scope of the proposed class release (October 2022 to the date of final approval) was broader than the scope of the class period (October 2022 to October 2024); and (2) the process for submitting a claim and seeking review of a rejected claim was not clearly explained in the class notice. The parties have resolved the court's second concern by submitting a revised class notice that includes the information requested by the court. Dkt. 54-1. So the court need not discuss that issue further.

The parties offer two responses to the court's concern about the discrepancy between the scope of the class period and the scope of the released claims. The parties' primary response is that no change is needed because there is no rule requiring the class period and release period to be the same, and there are good reasons in this case for the discrepancy. In the alternative,

the parties propose a release period that ends on October 24, 2025, the date the settlement agreement was executed.

Neither of the parties' proposals is persuasive. The court has a duty under Rule 23(e)(2) to reject any proposed class settlement that is not fair, reasonable, and adequate. The problem with the proposed release is one of basic fairness: class members are receiving compensation only for disclosures that occurred between October 2022 and October 2024, but they are being asked to release claims up until the present, without any additional compensation, regardless of whether Pesi committed additional violations of class members' rights after October 2024. The parties have not attempted to assess the value of claims accruing after 2024 or argued that violations after that date are unlikely. The parties also do not say that Pesi changed its disclosure policy in October 2024, so it is likely that similar potential violations continued after that date. This is a problem regardless of whether the release period ends when the settlement is approved or when the parties executed the agreement because both dates are well after October 2024.

As explained in the court's previous order, the general rule is that releases in class actions should be limited to the claims in the case and claims "based on the identical factual predicate as that underlying the claims in the settled class action." *Williams v. Gen. Elec. Capital Auto Lease, Inc.*, 159 F.3d 266, 273–74 (7th Cir. 1998). This is similar to the doctrine of claim preclusion, which applies to any claim that was or could have been brought in the previous case, *Allen v. McCurry*, 449 U.S. 90, 94 (1980), but does not apply to any claim based on new events that occurred after the first case, *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 697–98 (7th Cir. 2022).

A release that covers a different time period from the class period is inconsistent with the *Williams* rule. A claim based on facts arising after the class period closed necessarily is based on different facts from the claims included in the case.

The parties have not explained why giving up potential claims without receiving anything in return is fair. Instead, the parties contend that the discrepancy is permissible for five other reasons: (1) *In Re Clearview AI, Inc. Consumer Private Litigation*, 181 F.4th 785 (7th Cir. 2026), "confirm[ed] that a class action settlement release need not be coextensive with the temporal boundaries of the class definition," Dkt. 54, at 4; (2) many district courts, including this one, have approved class settlements in which the release included claims outside the class period; (3) the scope of the class period and release period could not be the same because "potential downstream harms" caused by disclosures between 2022 and 2044 could arise later, *id.* at 9–10; (4) a discrepancy between the class period and release period is necessary to protect Pesi from liability arising out of the settlement administration process; and (5) any class member who believes the release is unfair can object to it. None of these reasons are persuasive.

As for *Clearview AI*, that case had nothing to do with the temporal scope of a release. Rather, the court considered whether the release could include claims based on the same facts but different legal theories from those pleaded in the complaint. *Clearview AI*, 181 F.4th at 793–94. The court concluded that it could, at least when the unpleaded claims were speculative and potentially faced too much variation to proceed as a class. *Id.* The problem in this case is not that class members are giving up the right to assert different legal theories. This court does not object to the language in the settlement that releases all "actual, potential, filed, unfiled, known, or unknown claims" based on the Pesi's alleged disclosure of personal information.

Dkt. 46-1, ¶ 31. The problem is that class members are releasing claims based on new facts. So *Clearview AI* is not instructive.

As for the other district court decisions that the parties cite, the parties do not point to any discussion in those cases that considers the fairness problem that this court has identified or even more generally considers the temporal scope of the release. *See* Dkt. 54, at 6–9. So those cases are not instructive either.

The parties' argument about "downstream harms" is that class members did not necessarily suffer all injuries during the class period, so a broader release is necessary to protect Pesi from new injuries that arise after the class period. But the release already accounts for that issue, regardless of whether the release extends past the class period. The release states that class members are releasing all claims "that arise out of or relate to" Pesi's disclosure of class members' personal information between October 3, 2022, and the date of final settlement approval. Dkt. 46-1, ¶ 31. Even if the date were changed to coincide with the end of the class period, Pesi would not be vulnerable to claims from class members who suffered *injuries* after the end of the class period, so long as the injury was caused by a disclosure that occurred during the class period. In other words, the release tracks the timing of Pesi's *disclosures*; it does not matter when an injury manifested. If the parties remained concerned about that possibility, they could have added language clarifying that class members are releasing all claims based on disclosures during the class period, regardless of when the class member was injured by the disclosure.

The parties' fourth argument is one they raised in their previous motion for preliminary approval, which is that an extended release period is necessary to protect Pesi from being sued for providing a list of class members to the settlement administrator. The court rejected this

argument in the last order, for two reasons: (1) the parties provided no basis for potential liability for providing a class list to the settlement administrator; and (2) even if that was a legitimate concern, the parties could have added language to the release that was narrowly tailored to address that concern rather than requiring class members to release all claims that arose after the class period but before final approval.

In response, the parties say that sharing a list of class members could violate the prohibition in the VPPA against disclosing "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). Sharing a name does not identify any "specific video materials or services," so the parties' concern is misplaced. Regardless, the parties ignored the court's other observation that the parties could address any legitimate concern with more targeted language.

The parties' fifth and final argument is that there is no need to narrow the release now because any class member who believes that the release is too broad will have an opportunity to object to it. One problem with this argument is that the proposed notice to the class says nothing about releasing claims that go beyond the scope of the litigation, so a class member would not be aware of the issue without carefully reading the 35-page settlement agreement.

Even if counsel had included more specific language in the notice, the argument to "wait and see" whether class members object is not persuasive because it suggests that the court must accept any provision in the settlement in the absence of an objection. That is inconsistent with the court's obligation under Rule 23(e)(2) to determine independently whether the settlement is fair. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 628 29 (7th Cir. 2014) ("[T]he law quite rightly requires more than a judicial rubber stamp when the lawsuit that the parties have agreed to settle is a class action."); *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004)

("[D]istrict judges presiding over [class] actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole."). This independent obligation may apply with added force in a consumer class action like this one, in which many of the class members may not be sophisticated, and no individual member's share of the settlement is likely large enough to prompt an objection.

There may be some cases in which it is appropriate to include a release that has a broader temporal scope than the class period. But in this case, the parties have not identified any reason why it is fair to include a release like that.

The parties state in their motion that they "will accept any determination the Court ultimately makes" about the proper scope of the release. Dkt. 54, at 3. So the court will give the parties an opportunity to submit a revised settlement agreement that makes the release period the same as the class period. The court does not believe that any other changes are needed. But if they wish, the parties may add more precise language that addresses their two specific concerns about injuries arising after the class period and potential liability for disclosing class members' names to the settlement administrator.

If the parties simply change the date to match the class period, they need not file another brief or lengthy motion; the revised settlement agreement and a short, renewed motion (one or two pages) will suffice. In that case, the court will promptly grant preliminary approval and set a schedule leading up to a final approval hearing. But if the parties wish to add more language to settlement agreement, the motion will need to explain why that new language is appropriate.

ORDER

IT IS ORDERED that the parties' renewed motion for preliminary approval, Dkt. 54, is DENIED without prejudice. The parties may have until December 9, 2026, to submit a renewed motion and revised settlement agreement.

Entered November 19, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge